623 So.2d 1276 (1993)
STATE of Louisiana
v.
Lemuel DORTHEY.
No. 92-KA-3120.
Supreme Court of Louisiana.
September 10, 1993.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Charmagne A. Padua, Joseph Hassigner, Joseph Lucore, Asst. Dist. Attys., for applicant.
Robert Glass, New Orleans, for respondent.
*1277 CALOGERO, Chief Justice.[*]
The State of Louisiana appeals from a judgment of the Orleans Parish Criminal District Court holding that the Habitual Offender Statute, L.S.A.-R.S. 15:529.1, is unconstitutional because it violates the separation of powers clause of the 1974 Louisiana Constitution. For the following reasons we determine that the statute is not unconstitutional. Nonetheless, because constitutionally excessive sentences are subject to being stricken, we remand this case to the district court for a determination as to whether the minimum sentence mandated by R.S. 15:529.1 is constitutionally excessive as applied to the defendant in this case.
On August 27, 1992, Lemuel Dorthey, a twenty-seven-year-old crack cocaine addict, was charged by a bill of information by the District Attorney's Office of Orleans Parish with violating R.S. 40:967, possession of crack cocaine. On September 23,1992, after a trial on the merits, a jury found defendant guilty of that crime. On October 7, 1992, the defendant was sentenced to serve five years at hard labor with credit for time served pursuant to L.S.A.-R.S. 40:967(C)(2). At the same time, the district attorney filed a bill of information invoking the Habitual Offender Law, to increase defendant's five year sentence, asserting that he had had three prior felony convictions for possession of cocaine.[1] Based upon this bill of information, the defendant, as a fourth offender, faces a minimum sentence of 20 years and a maximum sentence of life at hard labor.[2] In addition, he would be ineligible for "good time" diminution of sentence[3] and ineligible for parole before serving at least 20 years.[4]
The defendant, at the same hearing, filed a motion to quash the multiple offender bill, challenging the constitutionality of R.S. 15:529.1. On October 15, 1992, before the hearing on the multiple bill and prior to resentencing, the criminal district court judge quashed the bill of information, finding that R.S. 15:529.1, as applied in Orleans Parish, violated the Separation of Powers Clause, article 2, section 2 of the 1974 Louisiana Constitution.[5] He may well have been influenced in part by the fact that the minimum sentence required by R.S. 15:529.1 for a fourth offender, even though in this case a crack cocaine addict, was twenty years.[6] The State appealed the district court's ruling.
*1278 The separation of powers among the three branches of government is provided for in the 1974 Louisiana Constitution. "The powers of government of the state are divided into three separate branches: legislative, executive, and judicial." L.S.A.-Const. art. 2, § 1. The Separation of Powers Clause, states "[e]xcept as otherwise provided in this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others." L.S.A.-Const. art. 2, § 2. Consequently, the Constitution grants power to the judicial branch with which the legislative and executive branches shall not interfere. State v. LeCompte, 406 So.2d 1300, 1311 (La. 1981). The question that confronts us is whether the Habitual Offender statute and its penalties dictated by the Legislature pursuant to R.S. 15:529.1 violates the constitutionally-required separation of powers between the judicial and legislative branches.
It is a well established principle that the determination and definition of acts which are punishable as crimes is purely a legislative function. State v. Taylor, 479 So.2d 339 (La.1985); LSA-R.S. 14.7. It is the Legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Hudson, 442 So.2d 735 (La.App. 1st Cir. 1983). Moreover, courts are charged with applying these punishments unless they are found to be unconstitutional. State v. Stetson, 317 So.2d 172 (La.1975).
The Habitual Offender Law, L.S.A.-R.S. 15:529.1, was enacted by the Legislature by Acts 1966, No. 311, Section 3. Generally, the statute provides that if the State produces evidence that a defendant has been convicted of one or more previous felonies within a certain time frame, the court is required to find him a habitual offender (second, third, or fourth) and impose sentences within the increased minimums and maximums prescribed in the statute.[7]
Like Louisiana, most states have statutes providing for increased punishment for repeat offenders, and several such statutes have been enacted by the United States Congress. Parke v. Raley, ___ U.S. ___, ___, 113 S.Ct. 517, 522, 121 L.Ed.2d 391 (1992); State v. George, 218 La. 18, 26, 48 So.2d 265 (1950). Such provisions are a deterrent and a warning to first offenders. They protect society by attempting to remove recidivists from its midst. State v. George, supra.
Under Louisiana's Habitual Offender law a bill of information alleging that a defendant is a recidivist does not charge a new crime but merely advises the trial court of circumstances, and seeks enhanced punishment following a defendant's most recent *1279 conviction. "The enhancement of the penalty for habitual offenders convicted of a new felony only addresses itself to the sentencing powers of the trial judge after conviction and has no functional relationship to the innocence or guilt of the instant crime." State v. Walker, 416 So.2d 534, 536 (La.1982); State v. Hayes, 412 So.2d 1323 (La.1982); State v. Stott, 395 So.2d 714 (La.1981). Thus, a ruling at a multiple offender hearing is not "a definitive judgment" but merely "a `finding' ancillary to the imposition of sentence." State v. Stott, supra.
Furthermore, because the hearing is not a trial, legal principles such as res judicata, double jeopardy, the right to a jury trial and the like do not apply. State v. Stott, supra; State v. Langendorfer, 389 So.2d 1271, 1276-1277 (La.1980). Louisiana's Habitual Offender statute is simply an enhancement of punishment provision. It does not punish status and does not on its face impose cruel and unusual punishment. State v. Lee, 364 So.2d 1024, 1032 (La.1978); State v. Badon, 338 So.2d 665 (La.1976).
R.S. 15:529.1 has passed constitutional muster since its enactment despite a variety of attacks, including an attack on the provision which allows the district attorney the discretion regarding whom to bill as a habitual offender. In State v. Madison, 345 So.2d 485 (La.1977); State v. Badon, 338 So.2d 665 (La.1976) and State v. Overton, 337 So.2d 1201 (La.1976), this Court found that the statute's provisions granting the district attorney discretion in deciding whom to bill as a habitual offender was not invalid simply because its provisions might be selectively enforced. In these cases we determined that absent a showing of discriminatory application based on race, religion, or other arbitrary standard or classification, an allegation of selective enforcement would not prevail.
Furthermore, in State v. Badon, this Court held that the statute did not deny defendant equal protection or due process. State v. Badon, 338 So.2d at 670. More importantly, in State v. Lawson, 410 So.2d 1101, 1104 (La.1982), we recognized that the statute "is a valid limitation on the sentencing considerations listed in C.Cr.P. art. 894.1."[8]
In the case before us, we are presented for the first time the contention that R.S. 15:529.1 is unconstitutional because it violates Louisiana's constitutional separation of powers. In addressing the contention we note that the district attorney indeed has the discretionary power to bring habitual offender bills of information just as he has the initial unlimited power to prosecute "whom, when, and how" he chooses.[9] Admittedly, the minimum and maximum penalties available for a given repeat criminal offender is influenced in part by the district attorney's exercise of discretion. But the discretion given the district attorney in this regard by the Legislature is no more intrusive than the Legislature's prescription of minimum and maximum penalties, or the constitutional grant of powers and discretion to the district attorney.
This Court has never held, and we are not prepared to do so now, that the application of R.S. 15:529.1 violates the separation of powers doctrine. Defendant's main argument is based on State v. LeCompte, 406 So.2d 1300 (La.1981) (on rehearing). LeCompte did not challenge either the discretionary constitutional authority of the district attorney to prosecute a defendant or the district attorney's statutory charge to decide whether to multiple bill a defendant. Rather, LeCompte involved a statute, R.S. 40:967(G)(2) which permitted reductions or suspension of sentence to convicted defendants who provided substantial assistance in the identification, arrest or conviction of other parties or conspirators *1280 to the crime for which he was convicted or to related crimes.
All we did in LeCompte was interpret the statute in a way so as to have it grant the court the discretion, on its own motion (not just on motion of the district attorney), to reduce or suspend a convicted defendant's sentence when the convicted defendant meets the requirements of the statute. By doing so, we obviated the need to decide if separation of powers was offended by giving sole discretion to the district attorney in this situation. Thus, relator's contention that R.S. 15:529.1 is unconstitutional based on a violation of the separation of powers is not supported by the holding in LeCompte.
In essence, based on our understanding of the traditional role of the district attorney in criminal prosecution and the power of the Legislature to vest him with discretionary functions pertaining to criminal prosecution at the initial and subsequent stages of prosecution, we conclude that the provisions of 15:529.1 do not violate Louisiana's constitutional separation of powers. By imposing certain habitual offender statuses and corresponding penalties, the Legislature has merely established a procedure which enables a district attorney to seek and the courts to exact more severe sentences on defendants who repeatedly violate the criminal laws. The Legislature has acted within its constitutional authority which allows it to determine and define a crime and provide its penalty. It has not delegated any of its duties to the judicial or executive branches, nor has it usurped the judiciary's discretion in sentencing a defendant. Accordingly, no separation of powers violation exists. Consequently, the judgment of the district court, holding R.S. 15:529.1 unconstitutional, will be reversed.
Nevertheless, we recognize that the review of sentencing, including sentencing under R.S. 15:529.1, is a long established function of the judicial branch. Accordingly, Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La. 1979). According to Sepulvado, the 1974 Louisiana Constitution, Article I, Section 20[10] "`gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel or unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court's control over
Rights of the Louisiana Constitution of 1974", 35 La.L.Rev. 1, 63 (1974). Thus, "[t]he imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment ..." Id. at 767. Accordingly, under the 1974 Constitution "the excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court." Id. at 764.
"A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Scott, 593 So.2d 704, 710 (La.App. 4th Cir.1991); State v. Lobato, 603 So.2d 739, 751 (La.1992).
The record indicates that the trial judge had difficulty imposing a twenty year sentence on a twenty seven year old crack cocaine addict simply because he had been convicted for a fourth time for possession of cocaine (see Footnote 6). If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally *1281 excessive.[11] Accordingly, we will remand this case to the district court for resumption of its multiple bill proceedings, for its determination as to whether the minimum sentence mandated for this habitual criminal defendant by virtue of R.S. 15:529.1 for simple possession of cocaine is constitutionally excessive as applied to this particular defendant, and for appropriate sentencing.[12]

DECREE
For the foregoing reasons we find that R.S. 15:529.1 is not unconstitutional, in violation of Louisiana's constitutional separation of powers. We remand the case to the district court for further proceedings, including resentencing, subject to the district court's determination as to whether the minimum sentence mandated by R.S. 15:529.1 for this defendant and for this crime is constitutionally excessive.
JUDGMENT OF DISTRICT COURT REVERSED; REMANDED
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I agree with the majority's holding that the trial judge has the power to determine if the minimum punishment mandated by the multiple offender law is constitutionally excessive as applied to a particular defendant. However, the minimum sentences provided for by the multiple offender statute should be presumed constitutional. The trial court should not deviate from the statutory minimum sentences unless it clearly finds the sentence "is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering." State v. Lobato, 603 So.2d 739, 751 (La.1992). In my view, such a situation would be rarely presented. Where the trial court does find the sentence unconstitutionally excessive, the state may exercise its right of review under La.Code Crim.P. art. 882(B).
Accordingly, I respectfully concur.
NOTES
[*] Lemmon, J., not on the panel. For the procedure employed in assigning cases after January 1, 1993, to rotating panels of seven justices, see State v. Barras, 615 So.2d 285 (La. 1993).
[1] The State, in its bill of information, provided information specifying that the defendant had entered guilty pleas for possession of cocaine on July 23, 1991, August 13, 1990, and August 18, 1987. The three previous and the present convictions were each for simple possession of cocaine apparently for the defendant's personal use.
[2] L.S.A.-R.S. 15:529.1(A)(3).
[3] L.S.A.-R.S. 15:571.3(B)-(C).
[4] Commonly known as the "geriatric release provision", L.S.A.-R.S. 15:574.4(A)(3) states that a convicted defendant sentenced to a term of imprisonment with or without the benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term and upon reaching the age of forty-five. The provision does not, however, apply to a convicted defendant who is sentenced to a life sentence unless the sentence has been commuted to a fixed term of years.
[5] The district judge referred to State v. Dean, 588 So.2d 708 (La.App. 4 Cir.1991), writ denied, 595 So.2d 652 (La. 1992), which held that the district court has no discretion in fashioning a sentence for a defendant (that is, he is bound by the statutory minimum sentence) if the State proves that he is an habitual offender. The judge thereupon concluded that, as applied in Orleans Parish under State v. Dean, R.S. 15:529.1 was unconstitutional as it violated the Separation of Powers Clause of the 1974 Louisiana Constitution. He drew solace from State v. LeCompte, 406 So.2d 1300 (La.1981) (on rehearing). In fact, however, that opinion avoided addressing the issue of separation of powers when this Court interpreted the statute as allowing the court alone, without a motion by the district attorney, to afford a reduction or suspension of sentence, pursuant to R.S. 40:967(G)(2), to a convicted defendant in return for "substantial assistance in the identification, arrest or conviction of other parties or conspirators to the crime for which he was convicted, or to related crimes." Id. at 1309.
[6] The trial judge stated that the case was

a particularly grievous situation ... because the defendant ... was found guilty of simple possession of cocaine, which bears a maximum penalty of five years at hard labor. Under the State's filing of this quadruple Bill of Information, if this Court and if [the State] presented the appropriate evidence, then this Court would have no discretion, but to sentence this defendant to a term of imprisonment for not less than twenty years. The imprisonment could be for the balance of his natural life. The Court again just feels under these circumstances the trial court should have more discretion in the Multiple Offender setting as it does in the trial court setting.
[7] L.S.A.-R.S. 15:529.1, as amended in 1991, states in pertinent part:

A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or the United States, or any foreign government or country of a crime which, if committed in the state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows: ...
D. (1) If, ... either after the conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which the subsequent conviction was had may file an information accusing the person of a previous conviction . . .
(2) Following a contradictory hearing, the court shall find that the defendant is:
(a) A second offender upon proof of a prior felony conviction;
(b) A third offender, upon proof of two prior felony convictions;
(c) A fourth offender, upon proof of three or more prior felony convictions.
(3) When the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment proscribed by this Section,. . .
[8] C.Cr.P. art. 894.1 states in pertinent part:

A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed ...
[9] L.S.A.-Const. Article 5, Section 26 states in Subsection B that ... "a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district,..." Furthermore, C.Cr.P. art. 61 states in pertinent part that "... the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute."
[10] Article I, Section 20 states in pertinent part: "No law shall subject any person ... to cruel, excessive or unusual punishment."
[11] Interestingly, our jurisprudential principle which holds that the judiciary maintains a continuing role in reviewing sentences for constitutional excessiveness as a check on sentencing after conviction, has been met with Legislative recognition in at least one statute, C.Cr.P. art. 893.3. This statute, enacted by Acts 1988, No. 319, § 1, establishes mandatory sentences which must be imposed by the court on a felon who has used a firearm during the commission of a felony. However, Section D of the statute states:

D. If the court finds a sentence imposed under provisions of this Article would be excessive, the court shall state for the record the reasons for such finding and shall impose the most severe sentence which is not excessive.
Thus, it is apparent that by incorporating Section D into 893.3, the Legislature expressly acknowledged the judiciary's perpetual role in reviewing sentences for constitutional excessiveness.
[12] Article 878 was adopted as part of the 1966 Code of Criminal Procedure and provides that "[a] sentence shall not be set aside on the ground that it inflicts cruel and unusual punishment unless the statute under which it is imposed is found unconstitutional." It remains part of the Code. Nonetheless, this Court has concluded that La. Const. art. I, § 20 confers the authority to review sentences in individual cases. Therefore, since the decision in State v. Sepulvado, 367 So.2d 762 (La.1979), appellate courts have regularly reviewed sentences for excessiveness even when imposed within presumptively valid statutory limits.