666 So.2d 654 (1996)
STATE of Louisiana
v.
Nathan WEBSTER.
No. 95-K-2484.
Supreme Court of Louisiana.
February 2, 1996.
PER CURIAM.
Defendant was charged by bill of information with possession of more than 28 but less than 200 grams of cocaine, a violation of La.R.S. 40:967(F), and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He entered a plea of guilty, apparently on the understanding that he would receive a maximum sentence of eleven years on both charges. Defendant was subsequently adjudicated a fourth felony offender. The trial judge sentenced defendant to eleven years at hard labor on the cocaine conviction and ten years at hard labor on the firearm conviction, the sentences to run concurrently. This sentence was below the sentence of thirty years at hard labor mandated by La.R.S. 40:967(F) and La.R.S. 15:529.1. The court of appeal affirmed and the state now applies to this court.
Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, in order to find the punishment mandated by La.R.S. 15:529.1 excessive, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering *655 and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993).
Although the trial judge gave reasons for imposing the eleven year sentence, it does not appear that he made a proper finding that imposition of the statutorily mandated sentence would be constitutionally excessive. See State v. Lombard, 95-2107, 662 So.2d 1039 (La. 11/27/95). Accordingly, the judgment of the court of appeal is vacated and the case is remanded to the trial court to justify its deviation from the statutorily-mandated minimum sentence. In the event the court concludes the statutorily-mandated minimum sentence should be imposed, it should give defendant an opportunity to withdraw his guilty plea.
CALOGERO, C.J., concurs and assigns reasons.
WATSON, J., concurs and notes he does not think the sentence was unconstitutionally excessive.
CALOGERO, Chief Judge, concurring.
The substantive power to define crimes and prescribe punishments lies in the legislative branch of government. Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989). Our decision in State v. Dorthey, 623 So.2d 1276 (La.1993), did not purport to grant a district court the power to usurp that legislative prerogative or to impose what the court believes is the most appropriate sentence for a particular offender in a particular case. Dorthey gives the district court the authority to depart from the mandatory minimum sentences provided by the legislature only in those relatively rare cases in which the punishment provided violates the prohibition of La. Const. art. I, § 20 against excessive sentences. The district court should therefore make express findings according to the jurisprudential standards governing the determination of whether a particular sentence is excessive. Perhaps more importantly, the district court should also state fully for the record the factual bases underlying its determination for purposes of facilitating appellate review.