666 So.2d 655 (1996)
STATE of Louisiana
v.
Cathy L. HAMILTON.
No. 95-K-2462.
Supreme Court of Louisiana.
February 2, 1996.
PER CURIAM.
Defendant was charged with soliciting unnatural carnal copulation, and pled guilty as charged. She was adjudicated as a second felony offender. The trial court sentenced her to eighteen months at hard later, one year less than the statutory minimum of two and a half years mandated for a second offender under La.R.S. 15:529.1 The court of appeal affirmed and the state now applies to this court.
Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, in order to find the punishment mandated by La.R.S. 15:529.1 excessive, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993).
Although the trial judge cited Dorthey in his reasons, it does not appear that he made a proper finding that imposition of the statutorily mandated sentence would be constitutionally excessive. Accordingly, the judgment *656 of the court of appeal is vacated and the case remanded to the trial court to justify its deviation from the statutorily-mandated minimum sentence in this case.
CALOGERO, C.J., concurs and assigns reasons.
CALOGERO, Chief Judge, concurring.
While I am inclined to simply deny this writ, I ultimately conclude that concurring with the following reasons will be sufficient in light of the fact that the majority has simply remanded the case back for resentencing.
The substantive power to define crimes and prescribe punishments lies in the legislative branch of government. Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989). Our decision in State v. Dorthey, 623 So.2d 1276 (La.1993), did not purport to grant a district court the power to usurp that legislative prerogative or to impose what the court believes is the most appropriate sentence for a particular offender in a particular case. Dorthey gives the district court the authority to depart from the mandatory minimum sentences provided by the legislature only in those relatively rare cases in which the punishment provided violates the prohibition of La. Const. art. I, § 20 against excessive sentences. The district court should therefore make express findings according to the jurisprudential standards governing the determination of whether a particular sentence is excessive. Perhaps more importantly, the district court should also state fully for the record the factual bases underlying its determination for purposes of facilitating appellate review.