I2KLEES, Judge.
We have granted the State’s writ application and reviewed the merits of the case. Upon review, we decline to grant the relief requested, for the following reasons. On November 14, 1995, the defendant Dwayne Wilson was charged by bill of information with two counts of aggravated burglary, violations of La.R.S. 14:60 and one count of second degree kidnapping, a violation of La. R.S. 14:44.1. Two days later, on November 16, the defendant pled not guilty. On December 11 the defendant was found guilty of second degree kidnapping and guilty of two counts of unauthorized entry of an inhabited dwelling. He was originally sentenced on February 12 to serve ten years at hard labor without benefit of parole, probation, or suspension of sentence on the kidnapping conviction and to serve six years at hard labor on each of the unauthorized entry of inhabited dwelling convictions. All sentences were to run concurrently. On April 11, 1996, the court found the defendant to be a second felony offender and vacated the original sentence on count one (the kidnapping conviction) and sentenced the defendant to serve ten years at hard labor under the Habitual Offender Law and State v. Dorthey, 623 So.2d 1276 (La.1993). The State objected to this sentence because as a second offender, the minimum sentence is twenty years at hard labor. The State now seeks to invoke the supervisory jurisdiction of this court to vacate this sentence.
The decision of the Louisiana Supreme Court in State v. Dorthey, supra, has been a difficult one for this court to interpret and apply. Although the Supreme Court has issued several per curiam opinions since that decision, they provide little guidance in determining the standards to employ when deciding whether to uphold a trial court’s decision to impose a sentence below that required by the Habitual Offender Law.
| gin State v. Kelly, 95-2335 (La. 2/2/96), 666 So.2d 1082, the Court, in a per curiam opinion, reversed an unpublished decision of this court, State v. Johnnie Kelly, 95-0861 (La.App. 4th Cir. 8/23/95), 658 So.2d 1343. In Kelly, the trial court stated its reasons for imposing a sentence below the statutory minimum:
The State law requires that the defendant receive six to twenty-four years without benefit of probation, parole, or suspension of sentence. However, State v. Dorothy [sic] allows me to consider deviating from that sentence if I think that there are certain facts present — and before I sentence him, the defendant has the right to waive his appeal.
[T]his particular case, I think, distinguishes itself from normal situations in that the structure that the defendant went into was a an abandoned structure. The person who was living in it before it was abandoned is currently in this Court on second degree murder charges. It looks as if the defendant was sleeping in there. He may have also been conducting — there is a possibility that he could have been conducting illegal activity in there such as possible [sic] cocaine. However, that was *770 never proved conclusively. The only thing that was proved conclusively was that he was in that structure without permission from the HANO Board. It looks as if he would go in there to sleep as probably other derelicts did. For that reason, the Court does not believe that the six year minimum mandatory sentence should be warranted.- The defendant is an older man. And we believe that while there is a possibility of him being homeless, we don’t believe that any length of incarceration mandated by the courts would serve the defendant any good, the State of Louisiana ny [sic] good, nor society for that matter. Therefore, we are going to sentence the defendant to serve twenty-eight months with the Department of Corrections....
Kelly, 95-0861 at 1-2, 658 So.2d 1343.
Upon review, this court stated that “[t]he court found that defendant’s age, background, and the facts of the instant case did not justify the statutorily mandated minimum sentence. The court clearly understood that the test in Dorthey requires that before a sentence can be reduced below the mandatory minimum, the court must find the mandatory minimum sentence unconstitutionally 14excessive as to the defendant. The record satisfies us that there was such a finding.”
In reversing, the Supreme Court stated merely that “[although the trial judge cited Dorthey in his reasons, it does not appear that he made a proper finding that imposition of the statutorily mandated sentence would be constitutionally excessive.” State v. Kelly, 95-2335 at 1, 666 So.2d 1082. The Court then remanded the case for the trial court to “justify its deviation from the statutorily-mandated minimum sentence in this case.” Id., at 1; 666 So.2d 1082.
Two other decisions by the Supreme Court that same day use the same language, but again provide little assistance to the district or appellate courts in determining what is a “proper finding” that the minimum sentence would be constitutionally excessive. State v. Webster, 95-2484 (La. 2/2/96), 666 So.2d 654; State v. Hamilton, 95-2462 (La. 2/2/96), 666 So.2d 655. The only tidbit of assistance provided by the Supreme Court is in a concurring opinion by the Chief Justice, where he writes:
“Dorthey gives the district court the authority to depart from the mandatory minimum sentences provided by the legislature only in those rare instances in which the punishment provided violates the prohibition of La. Const, art. I, § 20 against excessive sentences. The district court should therefore make express findings according to the jurisprudential standards governing the determination of whether a particular sentence is excessive. Perhaps more importantly, the district court should also state fully for the record the factual bases underlying its determination for purposes of facilitating appellate review.”
Webster, pg. 1 of concurring opinion, 666 So.2d at 655; Hamilton, pg. 1 of concurring opinion, 666 So.2d at 656; Kelly, pg. 1 of concurring opinion, 666 So.2d at 1083.
In the present case the defendant was convicted of second degree kidnapping and faced a mandatory sentence of twenty years. The trial court found that a |5twenty-year sentence would be excessive in this case and would constitute a cruel and unusual punishment considering the nature of the particular offense and the criminal history of the defendant. The trial court also referred to the victim’s letter to the court regarding her boyfriend (the defendant), and the fact that there was no indication that the defendant was a “large scale dealer or that significant quantities of cocaine were taken from him when he was arrested for the predicate offense” (the defendant was previously convicted in St. Mary Parish on May 15, 1992 of distribution of cocaine).
In our opinion, the trial court gave sufficient reasons to justify his departure from the statutorily mandated minimum sentence and did not abuse the discretion afforded him in State v. Dorthey. Accordingly, we decline to overturn the sentence give by the trial court.

WRIT GRANTED JUDGMENT AFFIRMED.

BARRY, J., concurs.