| iBARRY, Judge.
The defendant pleaded guilty to purse snatching, La. R.S. 14:65.1 and was sentenced as a third offender to 7 years at hard labor. In this application the State argues that the trial court erred by sentencing the defendant to 7 years, which is less than the statutory minimum of 13 years under La. R.S. 15.529.1. We grant the writ application and affirm.
In State v. Dorthey, 623 So.2d 1276, 1280 (La.1993), the Louisiana Supreme Court held that if the trial court finds that the punishment mandated by La. R.S. 15:529.1 is constitutionally excessive, the trial court has “the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.” A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and that the sentence amounts to nothing more than the purposeless infliction of pain and suffering and is grossly out of proportion to the severity of the crime. Id. at 1280; State v. Lobato, 603 So.2d 739 (La. 1992).
feln recent per curiam opinions the Supreme Court has provided little guidance as to what constitutes a basis to sentence below the statutory minimum. The Supreme Court merely stated that the trial court did not make a “proper finding” that imposition of the statutorily mandated sentence would be constitutionally excessive. State v. Kelly, 95-2335 (La 2/2/96), 666 So.2d 1082; State v. Webster, 95-2484 (La 2/2/96), 666 So.2d 654; State v. Hamilton, 95-2462 (La 2/2/96) 666 So.2d 655. The only hint as to a “proper finding” is found in two sentences from concurring opinions in those three cases:
A district court should therefore make express findings according to the jurisprudential standards governing the determination of whether a particular sentence is excessive. Perhaps more importantly, the district court should also state fully for the record the factual bases underlying its determination for purposes of facilitating appellate review.
Webster, 666 So.2d at 655 (Calogero, J., concurring); Hamilton, 666 So.2d at 656 (Calogero, J., concurring); Kelly, 666 So.2d at 1083 (Calogero, J., concurring).
It is clear that the trial court may not merely reiterate the language of Dorthey. Conclusory statements tracking the often-quoted clauses defining constitutional exces-siveness are not sufficient. The trial court must provide adequate support for its decision to impose a sentence which is less than the statutory minimum. It must make a meaningful assessment sufficient to justify a sentence below the mandatory minimum of La. R.S. 15:529.1. State v. Morgan, 96-0354 (La.App. 4 Cir. 4/17/96), 673 So.2d 256.
In support of its sentence the trial court stated the following reasons:
The reason for my deviation from the mandatory minimum sentencing guidelines are that I feel the facts of this particular ease *785 support a deviation. This defendant simply picked the pocket of someone as he was at a....
la Well, as he was at a bank teller machine where he received that cash or whatever it is. He took the wallet from the person’s hands, ran off. Did not display any weapon. Did not use any weapon. And the only force or violence was in the snatching or the taking. This comes under the purse snatching statute. There is no evidence that any violence or force was used against the victim'other than, I’m sure, the fear or apprehension he suffered as a result of having his wallet snatched out of his hand in front of the machine.
But I do believe a sentence of seven years given this man’s background is a significant and substantial punishment for the crime which occurred.
I also understand he was apprehended immediately on the scene. There was no great length of time between the offense and the apprehension. I also understand there was [sic] no problems or difficulties which were given to the police at the time of his apprehension.
I do consider the fact that he has a significant history that of possession of stolen property, this is, of being in possession of a stolen car and the cocaine charge.
The cocaine charge, of course, is the charge for which I feel he does a great deal of harm to himself using that substance. Therefore, I do feel that to impose a sentence of 13 years and 4 months would be an excessive sentence. I do feel it would be an indication of cruel and unusual punishment considering the facts of this case and considering the fact that in no case in which he has ever been involved has he ever used a weapon or ever used any force or violence against the person of another in his long criminal history.
The trial court seriously considered the defendant and his prior history, the facts and the circumstances. The trial court made a thorough assessment of the facts and concluded that the mandatory minimum of 13 years and 4 months for a third offender purse snatcher was a constitutionally excessive sentence. The court noted that the defendant picked the pocket of the victim, but there was no violence or force. He noted the defendant’s criminal history, but focused on the fact that the defendant had never used a weapon or force or ^violence against a victim. The trial court made an express finding that the mandatory minimum sentence was constitutionally excessive under the circumstances.
The sentence is affirmed.

AFFIRMED.