liBARRY, Judge.
The defendant was convicted of possession of cocaine, La.R.S. 40:967, and sentenced to 15 months at hard labor. In this writ application the State argues that the trial court erred in sentencing the defendant to less than the statutory minimum of 30 months under La.R.S. 15:529.1. We grant the application to consider the State’s argument.
In State v. Dorthey, 623 So.2d 1276, 1280 (La.1993), the Louisiana Supreme Court held that if the trial court finds that the punishment mandated by La.R.S. 15:529.1 is constitutionally excessive, the trial court has “the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.” A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and that the sentence amounts to nothing more than the purposeless infliction of pain and suffering and is grossly out of proportion to the severity of the crime. Id. at 1280; State v. Lobato, 603 So.2d 739 (La. 1992).
|2In recent per curiam opinions the Supreme Court has provided little guidance as to what constitutes a basis to sentence below the statutory minimum. The Court merely stated that the trial court did not make a “proper finding” that imposition of the statutorily mandated sentence would be constitutionally excessive. State v. Kelly, 95-2335 (La 2/2/96), 666 So.2d 1082; State v. Webster, 95-2484 (La 2/2/96), 666 So.2d 654; State v. Hamilton, 95-2462 (La 2/2/96), 666 So.2d 655. The only hint as to a “proper finding” is found in two sentences from concurring opinions in those three cases:
A district court should therefore make express findings according to the jurisprudential standards governing the determination of whether a particular sentence is excessive. Perhaps more importantly, the district court should also state fully for the record the factual bases underlying its determination for purposes of facilitating appellate review.
Webster, 666 So.2d at 655 (Calogero, J., concurring); Hamilton, 666 So.2d at 656 (Calogero, J., concurring); Kelly, 666 So.2d at 1083 (Calogero, J., concurring).
It is clear that the trial court may not merely reiterate the language in Dorthey. Conelusory statements tracking the often-quoted clauses defining constitutional exces-siveness are not sufficient. The trial court must provide adequate support for its decision to impose a sentence which is less than the statutory minimum. It must make a meaningful assessment sufficient to justify a sentence below the mandatory minimum of La.R.S. 15:529.1, 1996 State v. Morgan, 96-0354 (La.App. 4 Cir. 4/17/96), 673 So.2d 256.
In this case the trial court gave the following reasons for its sentence:
All right, Mr. Neusham, this matter I have the facts on, which I’m going to sentence *804 the defendant to 15 months with the Department of Corrections. Although this is a double bill, the sentence in this case, if I would give him the maximum in this case ... thejjminimum in this case, it would make no measurable contribution to acceptable penal code, and it would serve nothing more than the purpose of [sic] imposition of pain and suffering. And as under Dorthey, State v. Dorthey, I think that this sentence if mandated ... the mandated sentence would grossly be out of proportion to the severity of the crime. And, therefore, the Court deviates from the minimum standard.
The trial court’s statements were conclusions without reasons to support the conclusions. The trial court reiterated the language of Dorthey and did not provide sufficient justification. Id. The conclusory statements do not justify a sentence below the mandatory minimum under La.R.S. 15:529.1.
The sentence is vacated and the case remanded for resentencing.

SENTENCE VACATED; REMANDED FOR RESENTENCING.