| iBARRY, Judge.
The defendant pleaded guilty to possession of cocaine, La.R.S. 40:967, and was sentenced as a second offender to 90 days in Orleans Parish Prison. In this writ application the State argues that the trial court erred by deviating from the mandatory minimum sentence of 30 months. We grant the application and affirm.
In State v. Dorthey, 623 So.2d 1276, 1280 (La.1993), the Louisiana Supreme Court held that if the trial court finds that the punishment mandated by La.R.S. 15:529.1 is constitutionally excessive, the trial court has “the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.” A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and that the sentence amounts to nothing more than the purposeless infliction of pain and suffering and is grossly out of proportion to the severity of the crime. Id. at 1280; State v. Lobato, 603 So.2d 739 (La. 1992).
|2In recent per curiam opinions the Supreme Court has provided little guidance as to what constitutes a basis to sentence below the statutory minimum. The Supreme Court merely stated that the trial court did not make a “proper finding” that imposition of the statutorily mandated sentence would be constitutionally excessive. State v. Kelly, 95-2335 (La 2/2/96), 666 So.2d 1082; State v. Webster, 95-2484 (La 2/2/96), 666 So.2d 654; State v. Hamilton, 95-2462 (La 2/2/96) 666 So.2d 655. The only hint as to a “proper finding” is found in two sentences from concurring opinions in those three cases:
The district court should therefore make express findings according to the jurisprudential standards governing the determination of whether a particular sentence is excessive. Perhaps more importantly, the district court should also state fully for the record the factual bases underlying its determination for purposes of facilitating appellate review.
Webster, 666 So.2d at 655 (Calogero, J., concurring); Hamilton, 666 So.2d at 656 (Calogero, J., concurring); Kelly, 666 So.2d at 1083 (Calogero, J., concurring).
It is clear that the trial court may not merely reiterate the language in Dorthey. Conclusory statements tracking the often-quoted clauses defining constitutional exces-siveness are not sufficient. The trial court must provide adequate support for any sentence which is less than the statutory minimum. The court must make a meaningful assessment sufficient to justify a sentence below the mandatory minimum of La.R.S. 15:529.1. State v. Morgan, 96-0354 (La.App. 4 Cir. 4/17/96), 673 So.2d 256.
Here, prior to sentencing, the trial court heard testimony from two witnesses. Darlene Windfield, the defendant’s probation officer since September 1, 1994, testified that she was aware of the defendant’s history of arrests, her arrest in 1977 for attempted murder, and in 1993 for second degree | gmurder. All of those charges were dismissed by the State. Windfield stated that the defendant was an addict, but had progressed a lot since 1994. The defendant had in-house treatment off and on for more than a year. Windfield testified that the defendant was dealing with her problems and had made changes in her life. She noted that the defendant was successfully working at the Galilee Christian Youth Against Drug Foundation. Windfield stated that incarceration of the defendant would not be beneficial.
Percy Jackson, Assistant Administrator at the Galilee Christian Youth Against Drug Foundation, testified that he had worked with the defendant for six or seven months. He had counseled the defendant who was very active in the program and attended GED classes. The defendant facilitated the woman’s group consisting of young mothers who had come in off the street. The defendant shared her experience with them, encouraged them to follow the program, and offered to help. The defendant acted as a volunteer moderator for the groups and was being considered for a job as a paid staff member. He felt that the defendant had made changes in her life and was encouraging others to try the program. Jackson stated that an additional jail sentence would not benefit the defendant.
*806 After hearing from the above two witnesses, the trial judge stated his reasons why the mandatory minimum sentence of 30 months at hard labor would be excessive:
The Court is of the opinion that this is the type of situation that is contemplated by the so called Dortkey case. In that we have an individual who has in effect since this charge sought to rehabilitate herself, and in this Court’s opinion has and has reached the point where any incarceration at this time would cause needless pain and suffering to the individual. I think |4Ms. Randleston has turned her life around, and hopefully will continue to do so. These are very difficult matters as we know that there is an awful lot of back sliding that happens in the rehabilitation of a drug addict. But if anyone has shown that she is on the right track I believe that Ms. Randleston has. The Court is of the opinion that Dortkey fits here taking into consideration the nature of the charge and the conviction which the Multiple Bill is based upon, that is another possession of cocaine indicating that this defendant is an addict, has sought to be rehabilitated and has gone a long way in that regard.
Therefore, the Court is going to use the guidelines indicated by Dortkey; however, would further state that it is unfortunate that the interpretation of Dortkey and other cases has been such that the defendant could not be placed on probation suspending any sentence because of the inability to suspend a Multiple Bill sentence. Any suspension this Court believes would be an illegal sentence, but an imposition of a sentence of time with credit for time served would not be illegal and would be appropriate under Dortkey.
. Trial judges are faced with the difficult task of evaluating objective findings and applying the subjective standard in Dortkey. The trial judge clearly expressed confidence that the defendant “is on the right track” and “has gone a long way” to be rehabilitated. The trial judge would have imposed a suspended sentence, the ultimate deviation from the statutory minimum.
The trial court clearly expressed its belief that the mandatory minimum sentence was constitutionally excessive. The testimony from the probation officer and the administrator at the Drug Foundation provide the foundation for the sentence. The record reflects the court’s careful consideration of this particular defendant, the facts and defendant’s efforts to rehabilitate. We are satisfied that there is a factual basis to conclude that the minimal statutory ^sentence would be excessive.
The sentence is affirmed.

AFFIRMED.

BYRNES, J., Dissents With Reasons.