hWALTZER, Judge.
The State invokes our supervisory jurisdiction to review a multiple offender sentence. Specifically, the State argues that the trial court failed to state adequate reasons to support imposition of a six year sentence at hard labor, thus deviating from the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
STATEMENT OF THE CASE
The defendant was charged by bill of information with two counts of forgery, violations of La.R.S. 14:72. After the defendant was convicted of one count of forgery (the jury could only find him guilty either of the “false making or altering, with intent to defraud ... of any writing purporting to have legal efficacy” or of the “issuing or transferring, *421 with intent to defraud, a forged writing ... ”, but not of both), the defendant was charged as a multiple offender. The prosecution used this forgery conviction, a previous conviction of unauthorized use of a movable valued in excess of $1,000 and a simple robbery conviction in order to multiple bill him as a third felony offender. Under La.R.S. 15:529.1(A)(l)(b)(ii), La.R.S. 14:2(13)(y) and La.R.S. 14:72, the mandatory sentence in 12this case is life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
DISCUSSION
In State v. Bernard Morgan, 96-0354 (La.App. 4 Cir. 4/17/96), 673 So.2d 256, this Court summarized our application of the principles announced by the Louisiana Supreme Court in State v. Dorthey, 623 So.2d 1276 (La.1993). We reiterated that sentencing, and the review of sentences, is within the exclusive authority of the judicial branch. Our extensive review included State v. Sepulvado, 367 So.2d 762, 766 (La.1979); State v. Abbott, 94-1046 (La.App. 4 Cir. 2/23/95), 650 So.2d 1223; State v. Eric Kingston, 95-1935 (La.App. 4 Cir.1/19/96), 668 So.2d 395; State v. Young, 94-1636 (La.App. 4 Cir.10/26/95), 663 So.2d 525; State v. Eggerson, 95-1337 (La.App. 4 Cir. 9/15/95), 661 So.2d 1096; and State v. Daniel Hyorth, 95-1181 (La.App. 4 Cir.9/15/95), 661 So.2d 1059, all of which concerned the imposition of sentences under Dorthey. The Supreme Court has issued several per curiam opinions which, while resolving the issues in those particular cases, provide little analysis or reasoning to support the court’s rulings. Accordingly, the intermediate appellate courts of this State are left without guidance in determining the standards to employ when deciding whether to uphold a trial court’s decision to impose a sentence below that required by the Habitual Offender Law.
In State v. Kelly, 95-2335 (La.2/2/96), 666 So.2d 1082, the court, in a per curiam opinion reversed an unpublished decision of this Court, State v. Johnnie Kelly, 95-0861 (La.App. 4 Cir. 8/23/95), 658 So.2d 1343. In Kelly, the trial court stated its reasons for imposing a sentence below the statutory minimum. Although State law required the defendant in that case to receive six to twenty-four years without benefit of probation, parole, or suspension of sentence, the trial judge sentenced the defendant to serve twenty-eight months with the Department of Corrections. There, the trial judge remarked that he felt justified in the deviation, | ^because the defendant was convicted of having entered an abandoned structure without permission of the HANO Board. The judge opined that the defendant was sleeping in the abandoned structure, and considered the defendant’s age, concluding that the statutorily mandated incarceration of six years was unwarranted.
Upon review, this Court stated that “[t]he court found that the defendant’s age, background and the facts of the instant case did not justify the statutorily mandated minimum sentence. The court clearly understood that the test in Dorthey requires that before a sentence can be reduced below the mandatory minimum, the court must find the mandatory minimum sentence unconstitutionally excessive as to the defendant. The record satisfies us that there was such a finding.”
In reversing, the Supreme Court stated merely that “[although the trial judge cited Dorthey in his reasons, it does not appear that he made a proper finding that imposition of the statutorily mandated sentence would be constitutionally excessive.” State v. Kelly, 95-2335 at 1, 666 So.2d 1082. The Court then remanded the ease for the trial court to “justify its deviation from the statutorily-mandated minimum sentence in this case.” Id., at 1; 666 So.2d 1082. After remand from the Supreme Court, the trial court again imposed a six year sentence and the state filed a writ application in this court. On 1 May 1996, this Court, with one judge dissenting, granted the state’s application: “... the trial court states that a six-year prison term would be excessive considering Mr. Kelly’s age and non-violent criminal history, but failed to address the jurisprudential factors considered in determining the mandatory minimum sentence is unconstitutionally excessive.” (emphasis in the original). The Court then remanded the matter to the trial *422 court “for resentencing in accordance with the Supreme Court’s prior Order ...”
I4TW0 other per curiam decisions by the Supreme Court use the same language as in Kelly, but again provide no assistance to the district courts or the intermediate appellate courts when determining what is a “proper finding” that the minimum sentence would be constitutionally excessive. State v. Webster, 95-2484 (La.2/2/96), 666 So.2d 654; State v. Hamilton, 95-2462 (La.2/2/96), 666 So.2d 655. The only guide provided by the Supreme Court is found in three concurring opinions by the Chief Justice:
Dorthey gives the district court the authority to depart from the mandatory minimum sentences provided by the legislature only in those rare instances in which the punishment provided violates the prohibition of La.Const. art. I, Sec. 20 against excessive sentences. The district court should therefore make express findings according to the jurisprudential standards governing the determination of whether a particular sentence is excessive. Perhaps more importantly, the district court should also state fully for the record the factual basis underlying its determination for purposes of facilitating appellate review.
Webster, p. 1 of concurring opinion, 666 So.2d at 655; Hamilton, p. 1 of concurring opinion, 666 So.2d at 656; Kelly, p. 1 of concurring opinion, 666 So.2d at 1083.
PROCEEDINGS IN THE INSTANT CASE
In the present case, the defendant was previously convicted of unauthorized use of a movable valued in excess of $1,000, and simple robbery. His present offense is forgery. Under La.R.S. 15:529.1(A)(l)(b)(ii), La.R.S. 14:2(13)(y), and La.R.S. 14:72, the mandatory sentence in this case is life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. At sentencing the trial court stated:
The Court feels to impose a mandatory life sentence for these offenses-unauthorized use of a movable, in my opinion, valued at $1,000 is barely a felony offense. Forgery, the charge for which he was convicted by a jury, is a felony offense. I do not condone what he did. I am not convinced that he took the man’s social security check, but I am convinced that he did attempt to cash the social security check at a check cashing place.
I do not believe that a person for the crime of simple robbery or an unauthorized use of a moveable or a forgery, |salthough these are felony offenses, I do not believe he should be sentenced to jail for the rest of his natural life. I believe the punishment would far exceed his criminal history. I believe that to impose a sentence of life imprisonment would be excessive. I also believe it would be a cruel and unusual punishment in light of the criminal history. I do not know any of the circumstances in the robbery case. The State has not indicated to me that there was any violence where someone may have been injured or hurt in any way. Other than that and that is the only one where there could be a crime where someone was hurt. There is no indication in this record that he has at any time in his criminal history been convicted of any offenses whereby weapons were used or where victims were in fact injured.
I am going to follow the procedures of State v. Dorthey and deviate from the mandatory minimum sentence of life imprisonment for the reasons I have already noted.
I also think the record should further reflect this is a six-year sentence whereby he is going to be required to do six years flat, day by day. He is not going to get any good time. The simple robbery conviction is going to deprive him of any good time benefits. So, this is a flat sentence. I believe it is a significant sentence considering the facts and circumstances of his conviction and the facts and circumstances of his background.
I think you’re being unreasonable. I think you’re being ridiculous for asking me to give him a life sentence for this background. When I think somebody deserves to go to jail for long periods of time, they have gone to jail for long periods of time. He doesn’t deserve to go to jail for a long — six years is good for him for what he did and his background.
*423 I don’t think I have been soft when I think people should go to jail. If I thought they should go to jañ — people standing before me have gone to jail for very long periods of time.
I think you guys are absolutely ridiculous for asking me to put him in jail for that period of time [for] this type of offense. I think that’s absolutely crazy.
CONCLUSION
In our view, the trial court has adequately stated sufficient reasons for its decision to impose a sentence below the statutory minimum. It appears to us that this case is one of the “rare instances” mentioned by Chief Justice Calogero, which would justify a sentence below the statutory minimum. State v. Webster, supra. Here, the defendant was convicted of simple robbery seven years ago, which, if it were a first offense, carries a maximum seven year sentence, and has been convicted of forgery and unauthorized use of a moveable. He is facing | (¡imprisonment for six years without parole. The reasons expressed by the trial court justify the sentence under State v. Dorthey, 628 So.2d 1276 (La.1993).
ACCORDINGLY, the writ application is DENIED and the multiple bill sentence is AFFIRMED.

WRIT DENIED, MULTIPLE BILL SENTENCE AFFIRMED.