695 So.2d 1121 (1997)
STATE of Louisiana
v.
Kerry LACOSTE.
No. 97-K-1113.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1997.
*1122 Harry F. Connick, District Attorney, David Weilbaecher, Jr., Assistant District Attorney, John Jerry Glas, Assistant District Attorney, New Orleans, for Relator.
Before BYRNES, WALTZER and MURRAY, JJ.
BYRNES, Judge.
The State requests a review of the defendant's sentence which is below the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence under La. R.S. 15:529.1. The defendant relied on a plea bargain agreement.
Kerry Lacoste pled guilty as charged to possession of crack cocaine, a violation of La. R.S. 40:967(C), as well as to battery upon a police officer where the battery produced an injury that required medical attention, a violation of La. R.S. 14:34.2.[1] The State filed a multiple bill charging the defendant as a triple offender. The defendant has prior convictions: simple robbery in 1989 and theft of a vehicle worth more than $500 in 1987. Simple robbery is listed as a crime of violence under La. R.S. 14:2(13)(y). Therefore, as a third felony offender, the defendant was subject to a statutory minimum sentence of life imprisonment under La. R.S. 15:529.1(A)(1)(b)(ii).
On April 22, 1997, the trial court found that Lacoste was a triple offender and sentenced the defendant under State v. Dorthey, 623 So.2d 1276 (La.1993), to serve ten years at hard labor as a third felony offender under La. R.S. 15:529.1, a sentence substantially less than the statutory minimum of life imprisonment. State v. Dorthey allows a trial court to sentence a defendant to a term of imprisonment below the mandatory minimum punishment if the court finds the mandated term unconstitutionally excessive under rare circumstances.
The State maintains that the trial court failed to: (1) conduct an adequate inquiry into the facts and history of this case; and (2) justify the imposition of the ten year sentence.
In State v. Bastian, 96-0997 (La.App. 4 Cir. 9/11/96), 681 So.2d 420, writ granted, 962453 *1123 (La.12/13/96), 683 So.2d 1220, this court denied the State's writ application and affirmed the defendant's sentence of six years at hard labor as a third felony offender which was below the minimum life imprisonment sentence mandated under La. R.S. 15:529.1. However, the Louisiana Supreme Court vacated the sentence and remanded the case to the trial court to justify its deviation from the statutorily-mandated sentence and to render the maximum sentence that is not constitutionally excessive.
In State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95) 663 So.2d 525, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223, the trial court sentenced the defendant to 30 years at hard labor rather than the mandatory minimum sentence of ninety-nine and one-half years prescribed by the Habitual Offender Law. In reviewing the sentence, this court stated:
One of the basic principles universally applied by courts in testing constitutionality is the presumption of constitutionality. In the application of this principle a trial court considering whether the minimum sentence prescribed by the legislature for the particular crime committed by a defendant would be unconstitutional if applied to a particular defendant may do so only if there is substantial evidence to rebut the presumption of constitutionality. The trial court may not depart from the legislaturely mandated minimum simply because of some subjective impression or feeling about the defendant.

Id., p. 5, 663 So.2d at 527.
This Court then concluded that the reasons given by the trial judge to disregard the Habitual Offender Law were "purely subjective". This court continued:
In our society the people have insisted on legislation to toughen criminal laws. The people are especially concerned about recidivism. In some states legislatures have responded to these concerns by passing "three strikes and you're out" legislationlife imprisonment for the third felony offender. Our legislature has responded with the Habitual Offender Law. As the court pointed out in Dorthey, it is the legislature's prerogative to determine the length of time to be imposed for a crime. This prerogative is rendered nugatory if a judge may for purely subjective reasons disregard the will of the legislature under the guise of particularized unconstitutionality. This is the stuff from which flows in the minds of the public a distrust and disrespect for the judiciary.

Id., pp. 6-7, 663 So.2d at 528.
In State v. Webster, 95-2484, p. 1 (La.2/2/96), 666 So.2d 654, 655, Calogero, C.J., concurring; State v. Hamilton, 95-2462, p. 1 (La.2/2/96), 666 So.2d 655, 656, Calogero, C.J., concurring, appeal after remand, State v. Hamilton, 96-0807 (La.App. 4 Cir. 6/7/96), 677 So.2d 539; and State v. Kelly, 95-2335, p. 1 (La.2/2/96), 666 So.2d 1082, 1082-3, Calogero, C.J., concurring; the Louisiana Supreme Court emphasized that: "The substantive power to define crimes and prescribe punishments lies in the legislative branch of government. Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989)." Declaring a given sentence under the Habitual Offender Law unconstitutionally excessive should be the rare act, not a common place practice. Dorthey, supra, 623 So.2d at 1281 (Marcus, J., concurring). A sentence is grossly disproportionate to the severity of the offense so as to be unconstitutionally excessive, when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985). The trial court must do more than mechanically utter the phrases contained in Dorthey to justify departing from the legislatively mandated sentences for crimes.
This Court summarized the application of the principles announced in Dorthey in State v. Compton, 96-2176, p. 2 (La.App. 4 Cir. 10/23/96), 683 So.2d 853, 854:
.... This Court will not uphold a trial judge's discretion to deviate from a legislatively mandated minimum sentence without a record that contains a searching inquiry into and a meaningful assessment of exceptional facts and circumstances that justify the exercise of judicial discretion in a particular case. Some significant facts and circumstances in this context include family history, prior criminal conduct in light of whether it was violent or nonviolent *1124 and whether it was similar or dissimilar to the conviction for which the defendant is being sentenced, other aggravating and mitigating circumstances such as those provided in the Code of Criminal Procedure article 894.1, and the impact of the crimes upon the victims. A record that reflects that a sentence was imposed after careful consideration of a particular defendant and the facts of the exceptional case in light of such concerns as these will support a trial judge's discretion under Dorthey to depart from a minimum sentence mandated by the Habitual Offender Law.
In State v. Gordon, 95-1247, p. 6 (La.App. 4 Cir. 1/19/96), 668 So.2d 462, 465, writ granted 96-0427 (La.5/10/96), 672 So.2d 669, a defendant convicted of forgery and adjudicated as a fourth felony offender was sentenced to forty months rather than the statutory minimum of twenty years. This Court found the record supported imposition of the forty month sentence because the crimes of the defendant were nonviolent "involving no possibility of great bodily harm or death to victims." In Gordon, as in the case at issue, the trial court based the lesser sentence on the fact that the defendant had not committed serious crimes.
The Louisiana Supreme Court disagreed, stating:
Although the trial judge cited Dorthey in his reasons, it does not appear that he made a sufficient showing on the record to say that imposition of the statutorily mandated minimum sentence would be constitutionally excessive under these facts. Moreover, even assuming the statutorily mandated minimum sentence was excessive under these facts, the trial judge failed to justify his reduction of the sentence down to forty months.

Id., 672 So.2d at 669.
This court stated in State v. Morgan, 96-0333, pp. 2-3 (La.App. 4 Cir. 9/9/96); 680 So.2d 1230, 1231:
We are compelled to conclude that the trial court, when sentencing below the statutory minimum, must use the specific boilerplate language in Dorthey stated by the Supreme Court supported by additional factual information made a part of the record as a basis for imposing a lesser sentence. Absent use of this specific language by the trial court, coupled with supportive factual information, the sentence is illegal.
In the present case, the trial court relied on Dorthey and stated that it considered Mr. Morgan's background, prior criminal record, and the facts of this case. The trial court noted that the jury concluded the defendant was guilty of the lesser included offense of attempted armed robbery because of the ambivalence of the victim/witness about the identity of the robber. The judge also commented that he had no recollection of the defendant's prior conviction for carrying a concealed weapon; he had understood only that the defendant had two prior drug offenses. The trial court then sentenced the defendant to twenty years at hard labor without benefit of parole, probation, or suspension of sentence as a third offender because the minimum sentence would be excessive.
The trial court's reasons are not sufficient. Declarations that the court has considered the background, prior criminal record, and facts of the case "do not indicate that the trial court has made a `searching inquiry necessary to justify declaring a legislatively mandated sentence unconstitutional', nor do they indicate that the trial court made a `meaningful assessment of any mitigating or aggravating circumstances appropriate to this case.'" State v. Eric Kingston, (La.App. 4th Cir.1996), 668 So.2d 395.
In the present case at the defendant's sentencing the trial court stated:
The Court finds, based on what I have determined from this presentence investigation, that the law under Dorthey ... would call for something less than life imprisonment. The Court finds in this case that it is not in the spirit of the law as it has been enunciated in the Dorthey decision that the gentleman receive that type of sentence. The Court finds that such a sentence would be an excessive, would be a harsh sentence, and would not be permitted *1125 under Article 1, Section 20 of the Louisiana State Constitution.
In reference to the defendant's offense, the trial court stated:
The Court has reviewed the record in this case for purposes of attempting to comply with Dorthey and finding that the gentleman's charge involved the gentleman being observed making a hand-to-hand exchange in front of ... 819 St. Louis Street. The gentleman walked back toward Bourbon Street, as the officers observed him. As the officer approached Mr. LaCoste, he observed him making repeated quick movements with his left hand toward his left pocket. The officer ultimately found from the gentleman .32 grams of cocaine. The gentleman was also arrested in connection with the misdemeanor charge of a battery on the police officer. That was not before this Court and is not before this Court at this time.
The Court finds, under the circumstances, based on the prior record of the gentleman for theft in a felony amount of $1250.00 and simple robbery in 1989the simple robbery conviction resulted in a four-year sentence in the Department of Corrections. The 1986 conviction for theft resulted in an eight-month sentence.... The gentleman has had a series of other arrests and convictions, primarily for misdemeanor battery, for public drunkenness, for criminal damage to property, for criminal trespassthat the sentence that the Court has imposed is an appropriate sentence. this [sic] is not a case that involves a large quantity of cocaine.
This is not a case where the defendant has a long history of felony convictions, much less felony convictions that involve violence, with the exception of one for simple robbery in 1989. Between the time of the completion of that sentence and this time, the gentleman has had a series of arrests for public drunkenness, not paying for food, public drunkenness, and one simple battery and once criminal trespass.
It is for these reasons that the Court feels that the sentence of ten years is a sentence that is appropriate as a third offender with three felony convictions....
This litany of prior offenses alone is not the "searching inquiry" and "meaningful assessment" of the "exceptional facts and circumstances" of the defendant's case this Court requires. State v. Compton, supra, 683 So.2d at 854.
Under the totality of circumstances the trial court did not make a proper determination that the imposition of ten years at hard labor is an adequate sentence to defeat the presumption that the legislative sentence is constitutional as applied to this defendant, considering that the statutorily mandated minimum sentence under the multiple bill statute is life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
In the present case the defendant entered into a plea bargain agreement. The guilty plea form entitled "Waiver of Constitutional RightsPlea of Guilty" for the underlying offenses of "POSS. OF COCAINE & BATTERY POLICE" (possession of crack cocaine and battery upon a police officer where the battery produced an injury that required medical attention), states:
I understand that my sentence in this case will be pursuant to State v. Dorthey, as a multiple offender. Further, that if I am proved to be a third offender, with a life sentence to be imposed, I may withdraw my plea.
The guilty plea form is signed by the defendant, the defense attorney, and the trial judge and is dated September 30, 1996.
The sentencing transcript dated April 22, 1997 in this case indicates that the ten year sentence the defendant received under the multiple bill was part of a plea agreement. The trial court referred to the agreement at the sentencing hearing, noting the "agreement that the Court entered with the gentleman that the maximum sentence would be ten years," and then stating:
The Court found that if for any reason the sentence would have to be life, based on the presentence investigation, and that Dorthey would not allow it to be something less, that the gentleman would ... be allowed to withdraw his plea.
*1126 Because the defendant pled guilty with the understanding that he would receive a sentence of only ten years, he must be given the opportunity to withdraw his plea prior to the imposition of a greater sentence. See State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Carriere, 611 So.2d 781 (La.App. 4 Cir.1992), application dismissed 625 So.2d 159 (1993); State v. Bagneris, 93-2454 (La.App. 4 Cir. 2/25/94), 633 So.2d 835.
Accordingly, the defendant's sentence is vacated, and the case is remanded. The trial court is ordered to justify its deviation from the statutorily-mandated minimum sentence in this case under La. R.S. 15:529.1 and to render the maximum sentence that is not constitutionally excessive. If the trial court sentences the defendant to a sentence other than ten years pursuant to the plea bargain agreement noted by the trial court, the defendant is to be given the opportunity to withdraw his guilty pleas, in which case the prosecution has the option for the case to proceed to trial on the charges of possession of cocaine and battery of a police officer producing any injury requiring medical attention. If the defendant is convicted, the prosecution has the option to proceed with a multiple bill charge.
WRIT GRANTED; SENTENCE VACATED; AND CASE REMANDED.
NOTES
[1] The defendant was also charged with a misdemeanor battery of a police officer on August 15, 1996, a violation of La. R.S. 14:34.2(B)(1) in Case Number 384-615. However, on September 9, 1996, that charge was nolle prosequied by the State, and the State amended the bill of information on September 11, 1996, in the present case, Number 384-606, to add battery of a police officer producing an injury requiring medical attention, a felony violation of La. R.S. 14:34.2(B)(3). The trial court stated that the charge was not before the court at the sentencing hearing. The second conviction for La. R.S. 14:32.2(B)(3) was not before the trial court as an additional offense in determining the defendant's multiple bill status under La. R.S. 15:529.1.