| TOBIAS, J.,
Dissents in Part and Assigns Reasons.
I respectfully dissent from this court’s ruling upon Christopher Francois’ motion to reconsider his sentence. A ruling on the motion should first be made by the trial court and thereafter, upon application by a party, by this court. La.C.Cr.P. art. 881.1 is written in language that mandates that the motion be considered and ruled upon first by the trial court.
Francois received the statutory minimum sentence for armed robbery. He entered the Orleans Parish intensive incarceration program authorized by La. R.S. 15:574.5, not the state’s intensive incarceration program authorized by La. R.S. 15:574.4. The Department of Corrections *821 has no duty to recognize an intensive incarceration program of a qualifying political subdivision unless it so elects.
In his written motion to reconsider the sentence filed within a couple of days of his sentencing by the trial court, Francois alleges that “the sentence imposed is constitutionally excessive.” He does not specify further the reason(s) that the sentence is constitutionally excessive. However, his motion raises an issue under State v. Dorthey, 623 So.2d 1276 (La.1993) to which I find he is entitled to a ruling by the trial court in spite of the fact that he received a statutory minimum sentence.
In all other respects, I agree with the majority opinion.