JONES, Judge,
concurring with written reasons:
I agree with the majority that this case must be remanded to the trial court for resentencing. However, in State v. Dorthey, 623 So.2d 1276 (La.1993), our highest court recognized the responsibility of the trial judge to determine if the minimum punishment mandated by a specific statute is constitutionally excessive as applied to a particular defendant.
In State v. Dorthey, supra at 1280 the court stated:
... we recognize that the review of sentencing, including sentencing under R.S. 15:529.1, is a long established function of the judicial branch. Accordingly, Louisiana’s judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). According to Sepul-vado, the 1974 Louisiana Constitution, Article I, Section 20 “ ‘gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment' or otherwise, though not cruel or unusual, are too severe as punish *838 ment for certain conduct and thus unconstitutional. It is a basis for extending the court’s control over the entire process.’” Id. at 766, citing “The Declaration of Rights of the Louisiana Constitution of 1974”, -35 La.L.Rev. 1, 68 (1974). Thus, “[t]he imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment ...” Id. at 767_
“A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.” State v. Scott, 593 So.2d 704, 710 (La.App. 4th Cir.1991); State v. Lobato, 603 So.2d 739, 751 (La.1992)
Pursuant to these dictates, the trial judge certainly has the discretion to sentence the defendant to four years at hard labor and suspend the sentence if the judge specifically finds that the minimum sentence required by La.R.S. 15:529.1 would be constitutionally excessive based on the unique circumstances of this particular case.
However, because the trial court based the suspension of the defendant’s sentence solely upon the provisions of La.C.Cr.P. art. 893, I agree -with the majority that the sentence must be vacated and the case remanded for resentencing. Accordingly, I concur in the results.