CANNELLA, Judge.
Defendant, Kenneth Toliver, appeals from his conviction of armed robbery and his sentence, as a habitual offender, to 49½ years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. We affirm.
The following led to defendant’s arrest and came from testimony at his motion to suppress hearing. On December 13, 1992 at about 10:00 a.m., Officer Giglio of the Kenner Police Department responded to a call of an armed robbery. The call advised that the perpetrator had taken a vehicle, a white over green Kenner cab, and was last seen heading east on Third Street. Officer Giglio and Officer Minvielle, in two separate police units, proceeded to the area to try to locate the stolen vehicle. Shortly thereafter, the officers observed the cab and followed it. As the cab neared a park area, the driver jumped out of the vehicle and fled on foot. The two officers pursued on foot. Officer Minvielle went back for his police unit while Officer Giglio continued the foot pursuit. Officer Minvielle picked up in the vehicle Officer Giglio and they continued their pursuit of defendant. Defendant stopped running and dropped a shopping bag and gun which he had in his hand. The officers arrested defendant and seized $77 from him. The victim was brought to the arrest scene and made a positive identification of defendant as the perpetrator. Officer Giglio identified defendant as the person that he chased and apprehended.
On January 5, 1993, defendant was charged by bill of information with armed robbery, La.R.S. 14:64. On February 5, 1993, defendant pled not guilty. On March 12, 1993 he withdrew his former plea and entered a plea of not guilty and not guilty by reason of insanity. On that same date the trial judge heard and denied defendant’s motion to suppress evidence and identification.[1] Defendant again changed his plea and entered a plea of guilty, as charged, of armed robbery. In accordance with the plea agreement, defendant was sentenced to 20 years at hard labor, -without benefit of parole, probation or suspension of sentence. It was also agreed in the plea bargain, and defendant was advised by the court, that if the state were to subsequently seek enhancement of defendant’s sentence as a habitual offender, which the district attorney stated that he intended to do, defendant would then receive a sentence of 49½ years at hard labor, without benefit of parole, probation or suspension of sentence.
On June 1, 1993, the state filed a bill of information against defendant, pursuant to La.R.S. 15:529.1, seeking to have defendant adjudicated an habitual offender and sentenced accordingly. On July 29, 1993, defendant filed a Motion To Quash the multiple offender bill of information. The trial judge denied the motion and conducted a hearing on the multiple bill. The state presented evidence of defendant’s 1988 conviction for distribution of cocaine, La.R.S. 40:967, and called as a witness an expert in fingerprint identification to establish his identity. After *1192 considering the evidence, the judge found defendant to be an habitual offender, vacated his original sentence, and resentenced defendant to 49½ years at hard labor without benefit of parole, probation or suspension of sentence. This was to run concurrently with the sentence that defendant was already serving for another offense. Defendant was given credit for time served.
On appeal, defendant assigns two errors. He contends that the trial court erred in denying his Motion To Quash the bill of information which charged him as an habitual offender. He argues that La.R.S. 15:529.1, is unconstitutional because it violates the Separation of Powers Clause contained in Article 2, Section 2 of the 1974 Louisiana Constitution. Specifically, defendant argues that the habitual offender statute, with its penalties dictated by the legislature, gives the district attorney the sole and arbitrary ability to intrude on the court’s sentencing discretion. He also assigns as error any patent on the face of the record.
Defendant’s arguments in this regard were no doubt prompted by a similar successful argument presented in Orleans Criminal District Court, in the case of State v. Dorthey, wherein the trial court judge held that La. R.S. 15:529.1 was unconstitutional. Subsequently, however, the Louisiana Supreme Court ruled in the Dorthey case, 623 So.2d 1276 (La.1993), reversing the trial court finding of uneonstitutionality and holding that the habitual offender statute, La.R.S. 15:529.1, does not violate the Separation of Powers Clause contained in our constitution. The Court in Dorthey held:
This Court has never held, and we are not prepared to do so now, that the application of R.S. 15:529.1 violates the separation of powers doctrine.
* * * * * *
By imposing certain habitual offender statutes and corresponding penalties, the Legislature has merely established a procedure which enables a district attorney to seek and the courts to exact more severe sentences on defendants who repeatedly violate the criminal laws. The Legislature has acted within its constitutional authority which allows it to determine and define a crime and provide its penalty. It has not delegated any of its duties to the judicial or executive branches, nor has it usurped the judiciary’s discretion in sentencing a defendant. Accordingly, no separation of powers violation exists.
Defendant’s argument in Dorthey is the same as defendant’s argument here, the unconstitutionality of R.S. 15:529.1. The decision in Dorthey is clear. The statute is constitutional. We find defendant’s arguments herein have.no merit.
Defendant also requested that this court review his case for any errors patent. We have reviewed the record and find no such errors.
Accordingly, for the reasons stated herein, we affirm defendant’s conviction and sentence.

AFFIRMED.

. Defendant filed numerous pre-trial motions, including a Motion To Suppress The Evidence and a Motion To Suppress Evidence of Identification. The court heard, overruled and dismissed a motion to suppress evidence and identification (called such by the prosecutor, T. 88 and the judge, T. 110). We believe that the above two written motions are what was heard, overruled and dismissed as a motion to suppress evidence and identification on March 12, 1993.