1 iPLOTKIN, Judge,
dissenting. I respectfully dissent.
The defendant, Joseph Washington, was charged by bill of information on July 16, 1993, with possession of phencyclidine, a violation of LSA-R.S. 40:966(0(2). On July 20, 1993, Mr. Washington entered a plea of npt guilty. Following a trial on August 11,1993, a jury found the defendant guilty as charged. The trial court sentenced the defendant.on October 26, 1993, to serve ten years at hard labor. The state filed a multiple bill, and on November 10, 1993 the trial court found the defendant to be a second offender and sentenced him to serve seven years at hard labor. The state objected and requested time to file writs. This timely application followed.
The state argues that this sentence falls below the statutorily mandated minimum sentence under the Habitual Offender Law of ten years at hard labor. While the state acknowledges that State v. Dorthey, 623 So.2d 1276 (La.1993) authorizes the trial court to impose a sentence below the minimum sentence required under the multiple bill statute, it argues that this case is distinguishable from Dorthey and that the trial court erred in imposing the seven year sentence in this case.
The Supreme Court in Dorthey stated that if the trial court were to find that the minimum punishment mandated by the Habitual Offender Law makes no “measurable contribution to accepted goals of punishment” or that the sentence amounted to nothing more than “the purposeful imposition of pain and suffering”, and is “grossly out of proportion to the severity of the crime”, the trial court has “the option, indeed the duty” to reduce the sentence to one that would not be constitutionally excessive. Id. at 1280-1281.
The State attempts to distinguish Dorthey arguing that the defendant in Dorthey faced a minimum of a twenty year sentence; whereas, the defendant in the present ease faces only a ten year sentence, However, the language of Dorthey authorizes the trial judge to impose a sentence less than the statutory minimum sentence under the multiple bill if the trial court | gconcludes that the minimum sentence would be constitutionally excessive, In the present case the trial court made such a finding: “I believe to impose a ten year sentence without eligibility for parole, and to serving five years, and with no good time is in my opinion is a needless infliction of punishment and suffering and would be essence (sic) cruel and unusual punishment under the 8th Amendment of the United States Constitution and the constitutional laws of this state, Therefore, I will not follow the mandatory minimum that is set forth in the 15:529.1.” (Sent. tr. 9). The trial court made this finding after reviewing the defendant’s record and finding that his two convictions were for possession of phencycli-dine.[1] Therefore, given the wide latitude granted to trial courts by the decision in Dorthey, I would deny this writ application.

. In their opinion the majority noted that the state informed the trial court of the defendant's extensive arrest record. (See the majority opinion footnote 1). That is not germane to this issue. The Multiple Offender Law addresses pri- or convictions for felonies not simply arrests.