liLANDRIEU, Judge,
concurring in part, dissenting in part.
I respectfully dissent. I would vacate the sentence but reinstate the original sentence. The defendant, Guy Cole, argues that in light of State v. Dorthey, 623 So.2d 1276 (La.1993), his original sentence of a $500 fine was legal. His argument is supported by the record.
At sentencing, the judge stated that “the court sees no purpose in finding Mr. Cole a multiple offender and sentencing him to the minimum statutory requirements other than for the pure pleasure of inflicting pain-” In deciding not to imprison Cole, even though he had been adjudged a second offender, it is clear that the judge exercised *1258 the discretion granted to him by the Dorthey decision (which was rendered on September 10, 1993, twenty days before Cole was sentenced). Further, the judge’s decision to impose a fine rather than a term of imprisonment was undeniably correct under the circumstances. Cole’s conviction for a crime against nature four years prior to his guilty plea to shoplifting hardly makes him a career criminal. After sentencing, however, the judge (who was sitting ad hoc) was replaced. A new judge, when faced with the State’s motion to reconsider the sentence because it violated La.Rev.Stat.Ann. 15:529.1(A)(1) (West 1992) and apparently believing that he had no alternative, vacated the sentence and resentenced Cole to one year of imprisonment. At the time of resentencing, Cole had paid $250 of the $500 fine imposed on him.
Because the original sentencing judge found imprisonment under the enhancement statute to be constitutionally excessive with respect to this defendant and that finding is supported by the record, I would hold that the first sentence was legal. Since it had become executory,[1] the sentence could not be amended or vacated by a successor judge. 2Accordingly, the sentence of February 7, 1994, should be vacated and the sentence of September 30, 1993, reinstated.
There is another issue, however. This court sua sponte raised the issue of whether La.Rev.Stat.Ann. 15:529.1(A)(1) requires that a second offender must be imprisoned and ordered the State to brief the issue. In its brief, the State acknowledges that “a literal reading of § A(l) may support the theory that the trial court could impose a fine in lieu of a prison sentence in certain instances,” but contends that the “historical and practical application of the Habitual Offender Law does not lend support to such a theory.” However, a penal statute must be strictly construed and § A(l) clearly does not mandate that the defendant be imprisoned upon being adjudicated a second offender where, as here, the underlying offense is punishable by imprisonment, a fine, or both, and the trial court does not order a prison term. Unlike §§ A(2) and A(3) which state that “the person shall be sentenced to imprisonment. ...” (emphasis added), § A(l) merely states that “the sentence to imprisonment shall be for a determinate term....” The language used in § A(l), which is clearly different from the language used in §§ A(2) and A(3), indicates that while prison terms are mandated for third and fourth offenders, second offenders need not be imprisoned if the underlying offense allows a trial judge to impose a fine and the trial judge chooses to do so. Thus, if the trial judge chooses to imprison the defendant after enhancement he must do so in accordance with the enhanced imprisonment provisions, but if the trial judge chose not to imprison the defendant on the underlying offense it is still within his discretion to fine the defendant after the sentence has been enhanced.
Contrary to the State’s argument and the position adopted by the majority, I believe that the legislative history supports the position (as indicated by the clear language of the statute) that the legislature intended to treat second offenders differently. Prior to 1956 the language of the Multiple Offender Statute was consistent with respect to second, third, and fourth offenders. The statute provided with respect to each class “then the person must be sentenced to imprisonment-” Acts 1942, No. 45 (emphasis added). In 1956, at a time when crime was not the threat that it is today, the legislature amended the statute and differentiated the language applicable to second offenders from that of third and fourth offenders. Sections 2 and 3, which pertain to third and fourth offenders, were changed to “the person shall be sentenced to_” Section 1 which pertains to second offenders was, |3by contrast, changed to “then the sentence to imprison *1259 ment shall be” If, as the State argues and the majority agrees, this change was nothing more than cosmetic, then the legislature needs a new plastic surgeon.
This is not the only instance where the legislature with good reason has chosen to treat second offenders differently from third and fourth offenders. La.Code Crim.Proc. Ann. art. 893 (West Supp.1994) provides for the suspension of sentences for certain second offenses, but not for third and fourth offenses. Under certain circumstances, La. Rev.Stat.Ann. 15:529.1 denies parole only to third and fourth offenders and, until it was amended in 1987, did not deny probation or suspension of sentence to second offenders. La.Rev.Stat.Ann. 15:529.1 has a long history and has consistently been held to be only an enhancement statute. It does not replace or alter the underlying criminal statutes, nor does it prevent the imposition of a fine in the ease of second offenders where the underlying statute provides for a fine. Likewise, it does not prevent the imposition of a fine in the case of third or fourth offenders in addition to the mandatory prison sentence which itself dictates.
Clearly, we cannot use current attitudes to judge legislative intent in 1956 when the world was a safer place and judges were held in greater respect. We can, however, give to the English language a normal reading. When read properly, La.Rev.Stat.Ann. 15:529.1(A)(1) says if a trial judge chooses to imprison a second offender the sentence shall be for a term not less than one half the longest term and not more than twice the longest term prescribed for a first conviction.
The majority finds comfort in the fact that the Historical and Statutory Notes following La.Rev.Stat.Ann. 15:529.1 do not indicate that the legislature intended to remove the mandate that second felony offenders shall serve jail time because they are silent as to why Act 1956, No. 312 was adopted. Therefore, the majority would ignore the amendment to § A(l). That act also changed the cleansing period, clarified the “arrest-conviction, arrest-conviction” issue, and in addition provided that a defendant need not have been adjudicated a second multiple offender to be adjudicated a third multiple offender. Because the Historical and Statutory Notes are silent as to these changes as well, should we pretend, therefore, that they too did not take place? Mandatory imprisonment is serious business. When the legislature chooses to impose imprisonment rather than leave it to the discretion of a sentencing judge, it must do so clearly and without ambiguity.

. Although it is within the trial court’s discretion to amend or change a legal sentence prior to the beginning of execution of a legal sentence, it may not do so after the beginning of execution of the sentence. See La.Code Crim.Proc.Ann. art. 881(A) (West 1984) (emphasis added). In this case, the defendant paid $250 toward the fíne of $500 and the execution of the sentence had begun.