h McKAY, Judge.

STATEMENT OF THE CASE

Defendant Eddie D. Lee was charged with one count of possession of cocaine with the intent to distribute, a violation of La. R.S. 40:967. A jury found him guilty of the lesser included offense of simple possession of cocaine. The appellant was originally sentenced to five years at hard labor. The appellant admitted the prior convictions listed in a multiple bill and was adjudicated a fourth felony offender. The trial court then invoked the provisions of State v. Dorthey, 623 So.2d 1276 (La.1993), finding the minimum sentence of life imprisonment under the Habitual Offender Law to be unconstitutionally excessive. The previous five year sentence was vacated and Lee was sentenced to thirteen *716 years imprisonment. In case # 96-KA-2392, the defendant appealed his conviction and the State appealed the sentence, which was below the mandatory minimum for a fourth felony offender under the La. R.S. 15:529.1. This court affirmed the conviction, vacated the sentence, and remanded for resentencing. The appellant was re-sentenced, on August 25, 1997, to life imprisonment under the provisions of pthe Habitual Offender Law, which sentence is the subject of this appeal.

ASSIGNMENT ONE

The appellant argues that counsel rendered ineffective assistance at the resen-tencing for 1) failure to request a withdrawal of the plea to the multiple bill, as the terms of the plea bargain agreement were violated; and 2) failure to present any evidence in mitigation of the sentence which would have provided the court with reason to deviate from the mandatory life sentence.
A defendant’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d 674. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 693, 104 S.Ct. at 2068, 80 L.Ed.2d 674. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992).
In the instant case, appellant counsel first notes that she was the original appellant counsel through OIDP. After filing her brief and response brief, counsel Uleft OIDP to work for the Louisiana Appellate Project. This case was then monitored by other OIDP counsel unfamiliar with the case, who was unaware that the State, rather than the defendant, appealed the sentence. No writ was sought from the Louisiana Supreme Court on the writ reversal.
The appellant argues that counsel at resentencing was deficient for failing to request a withdrawal of the guilty plea to the multiple bill when the sentencing agreement was violated. Appellant makes a compelling argument that, absent a plea bargain, there was no motive to plead to the multiple bill' as a fourth offender, which carries a mandatory life sentence. Nevertheless, the multiple bill transcript of July 10, 1996 indicates that there was no plea bargain. The appellant was first advised of the specific charges in the multiple bill. He was then advised of his right to a hearing, and that he faced a mandatory life sentence. The appellant personally and specifically acknowledged that no promises were made in exchange for the guilty plea. The appellant further acknowledged that he was the person who had been previously convicted of the felonies stated in the multiple bill. The court then sentenced the appellant to thirteen years under State v. Dorthey, to which the State immediately objected. As there appears to have been no plea bargain, there was no ineffective assistance of counsel for failure to move to withdraw the plea to the multiple bill.
The appellant further argues that counsel at resentencing was deficient for failing to offer any evidence in mitigation of the life sentence. The appellant argues that counsel failed to investigate the possi *717 bility of mitigating evidence or call the court’s attention to the appellant’s letter, which was in the record. The resentenc-ing transcript and the prior sentence indicate that the district court was predisposed to a lesser sentence, but imposed the life sentence in the belief that it |4was required by this court. Nevertheless, the appellant correctly notes that counsel neither argued for a reduced sentence nor presented any evidence in mitigation. However, appellant counsel fails to suggest any new mitigating evidence which such an investigation might have produced. Considering that the aforementioned appellant’s letter contains nothing new or persuasive, it is unlikely that such an investigation would have been fruitful. Accordingly, there was no prejudice in any failure of counsel to investigate the appellant’s background.
Lastly, appellant argues that counsel was ineffective for not advising the sentencing court that the appellant was pardoned for the forcible rape conviction, which was one of the enumerated prior convictions in the multiple bill. The appellant avers that, although he had other felony convictions besides those enumerated in the bill, a cleansing period might have accrued between those convictions.
The appellant was adjudicated a fourth offender at the prior sentencing. Any objections to that adjudication should have been made at the prior sentencing. Any lack of objections should have been raised as ineffective assistance of counsel in the prior appeal. This case was remanded for resentencing only, not for reconsideration of the multiple bill adjudication. In any event, this argument is without merit. A person who has been granted a pardon may be charged and punished as a second or multiple offender. La. R.S. 15:572(E).

ASSIGNMENT TWO

The appellant argues that the district court erroneously imposed the mandatory life sentence after this court rejected appellant’s HIV status as “purely subjective” and insufficient to justify a deviation from the statutorily mandated ^sentence. The appellant argues that articulation of the appellant’s letter, which was filed into the record, would have provided the necessary “non-subjective” reasons to justify a lesser sentence.
The referenced letter was not mentioned by counsel. It cannot be determined if the trial court was even aware of the letter. In the letter the appellant asserts that he was raised by a single mother, had no education, and “hustling became a way of life to provide for [his] family.” The balance of the letter deals with the appellant’s HIV status. Considering that this court found the appellant’s HIV status insufficient to justify a deviation from the mandatory life sentence in case # 96-KA2392, it is unlikely that the other factors mentioned in the letter would have been more persuasive. Accordingly, there was no error in the trial court’s imposition of the life sentence.
AFFIRMED.