CLARK, J.,
dissents with reasons.
In State v. Johnson, 98-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677, this Court established the. guidelines for when, and under what rare circumstances, district courts may exercise their discretion under State v. Dorthey, 623 So.2d 1276 (La.1993), *1275 and depart from the mandatory minimum sentence mandated by the Habitual Offender law. In Johnson, this Court increased, the burden on a defendant to rebut the presumption of constitutionality of mandatory minimum sentences under the Habitual Offender Law by requiring a showing, by clear and convincing evidence, that he or she “is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” Id. (citing State v. Young, 94-1636 (La.App. 4 car. 10/26/95), 663 So.2d 525, 529 (Plotkin, J., concurring)).
In La.R.S. 15:529.1(A)(4)(a), the legislature determined that' a fourth-felony offender’s sentence for the distribution 'of a small quantity of cocaine should be hot less than the maximum sentence for a first offense, which is 30 years imprisonment. La.R.S. 40:967(B)(4)(b). The legislature has sole authority under the Louisiana Constitution to define conduct as criminal and provide penalties for such conduct. La. Const, art. Ill, § 1; State v. Kelly, 95-2335, p. 1 (La.2/2/96), 666 So.2d 1082, 1083 (Calogero, C.J., concurring) (“The substantive power to define crimes and prescribe punishments lies in the legislative branch of government.”) (citing Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989)). Given the legislature’s plenary authority, departures from mandatory minimum sentences by their nature must be exceedingly rare and the class of exceptional offenders defined by Johnson exceedingly narrow, as Johnson itself emphasizes. See Johnson, 97-1906, p. 9, 709 So.2d at 676-77. The present defendant’s claims to being exceptional appear no stronger than those rejected in State v. Noble, 12-1923 (La.4/19/13), 114. So.3d 500, where this Court reversed a trial court’s decision to deviate below the mandatory minimum sentence required by' the Habitual Offender law for a non-violent, recidivist drug user who supported seven children, including two with significant medical problems.
As the court- of appeal noted in this case, defendant evidently began using crack cocaine later in life and as a result, beginning at age 52, began to amass felony charges:
Following Ms. Mosby’s conviction for distribution of cocaine and prior to her initial sentencing, the judge ordered that a presentence investigation be undertaken and a report written. See La.C.Cr.P. art. 875. The- presentence investigation ■report documented several relevant issues to Ms. Mosby’s sentencing. First, Ms. Mosby has an extensive criminal history. Ms.: Mosby has been charged with ten and -convicted of five other offenses over thé course of her life. The presentence investigation report noted that Ms. Mosby’s “criminal activity began late in life.” Ms. Mosby’s first conviction for any offense occurred at age 52. In 1971 she was charged with attempted murder; those charges were eventually refused. Ms. Mosby was then accused of committing two crimes related to her ownership of the “Sorren-to” bar in the uptown neighborhood of New Orleans in 1976 and 1977. No disposition was found as to those cases, however. In 1995, 1996 and 1997, she was charged with and convicted of possession of Schedule II controlled dangerous substances. In 1997 she was also charged with and convicted of possession of LSD. In 2006; Ms. Mosby was charged with theft of goods and unauthorized entry of a place of business. The theft charges were eventually dismissed, but-Ms. -Mosby was convicted of unauthorized entry. Finally, in 2011, fourteen days prior to being arrested for this charge, Ms. Mosby was arrested for possession with the intent to *1276 distribute ^cocaine. Those charges were still pending as of the creation of this presentence investigation report.
State v. Mosby, 14-0215, pp. 17-18 (La.App. 4 Cir. 11/26/14), 155 So.3d 99, 111-12 (emphasis added). It is difficult to conclude the legislature, when it enacted the pertinent penalty provisions, did not anticipate that a person would sell drugs to support a drug habit and, as a result, later in life amass four felony convictions and become subject to recidivist sentence enhancement as a fourth-felony offender. Thus, under these circumstances, I believe the present per curiam and the dissent in the court of appeal are inconsistent with this Court’s substantial limitation of particularized sentence review in Johnson. Therefore, I respectfully dissent.