# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

LAMONT LYLES

NO. 2019 KW 1495

**MAR 0 3 2020**

---

In Re:    State of Louisiana, applying for supervisory writs, 16th Judicial District Court, Parish of St. Mary, No. 97-145919.

---

**BEFORE:    WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.**

**WRIT GRANTED.** After the 2001 amendment to La. R.S. 15:529.1(A)(1)(b)(i), relator's sentence as a third-felony offender with his predicate convictions would have been for a determinate term not less than two-thirds of the longest possible sentence (66 years) and not more than twice the longest possible sentence prescribed for a first conviction (198 years). Relator failed to rebut the presumption that the mandatory minimum sentence is constitutional, nor did he clearly and convincingly show that he is exceptional, meaning that because of unusual circumstances he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. See **State v. Johnson**, 97-1906 (La. 3/4/98), 709 So.2d 672; **State v. Dorthey**, 623 So.2d 1276 (La. 1993). Therefore, we find merit in the State's contention that the district court abused its discretion by sentencing relator below the mandatory minimum sentence under the Habitual Offender Law. Accordingly, the 25 year sentence imposed on August 19, 2019 is vacated, and this matter is remanded for the imposition of a sentence as required for a third-felony offender under La. R.S. 15:529.1(A)(1)(b)(i) (prior to the 2017 amendment).

**VGW**
**WJB**

**Guidry, J.,** dissents and would deny the writ application.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.