NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0388

STATE OF LOUISIANA

VERSUS

ERIC MATHERNE

Judgment rendered: **DEC 3 0 2020**

* * * * *

On Appeal from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
No. 567913, Div. "D"

The Honorable Christopher J. Boudreaux, Judge Presiding

* * * * *

Kristine Russel
District Attorney
Greg Stahlnecker
Jason Chatagnier
Lisa Pinho
Assistant District Attorneys
Thibodaux, Louisiana

Attorneys for Appellee
State of Louisiana

Bertha M. Hillman
Louisiana Appellate Project
Covington, LA

Attorney for Defendant/Appellant
Eric Matherne

* * * * *

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**HOLDRIDGE, J.**

The defendant, Eric Matherne, was charged by grand jury indictment with first degree rape, a violation La. R.S. 14:42(A)(4). He pled not guilty. Following a jury trial, he was found guilty as charged by unanimous verdict. He was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He moved for reconsideration of sentence, but the motion was denied. He now appeals challenging his sentence as unconstitutionally excessive. For the following reasons, we affirm the conviction and sentence.

## FACTS

The victim, V.I.,[1] was twenty months old on July 18, 2017. On that date, her grandmother discovered blood in her diaper and took her to Our Lady of the Sea Hospital for treatment. She was quickly transferred to the Audrey Hepburn Center, a child abuse program at Children's Hospital in New Orleans.

Dr. Neha Mehta, Medical Director of the Audrey Hepburn Center, examined the victim. The victim had dried blood on the external areas of her genital area. (R. 731). She was bleeding from her vagina. Part of her hymen had been "torn away." She had bruising and abrasions in the genital area. There were visual signs of penetrating trauma. Her perineum (the piece of skin between the vagina and the anus) had been abraded. She also had an internal tear in her vagina that was repaired with stitches. Dr. Mehta's diagnosis was non-accidental penetrating vaginal trauma. Her sub-diagnosis was child sexual abuse.

Lafourche Parish Sheriff's Office Juvenile Division Detective Cory Brooks was the lead detective in the investigation of the victim's injuries. He spoke to the victim's aunt and grandmother and learned that the victim had been left in the care of the aunt while the victim's grandmother was working on a boat for fifteen days. The

---

[1] The victim is referenced herein only by her initials. See La. R.S. 46:1844(W).

victim's aunt indicated that the defendant was her boyfriend. She also stated that on the night before the victim's injuries were discovered, the defendant stayed up late with a friend playing cards at her house. The defendant subsequently confessed that after changing the victim's diaper in the night, he "stuck his finger inside of [the victim's] vagina" and "stuck his dick inside of [the victim]."

## UNCONSTITUTIONALLY EXCESSIVE SENTENCE

In his sole assignment of error, the defendant contends his sentence, although statutorily mandated, was constitutionally excessive under the facts of this case. According to the defendant, his sentence makes no meaningful contribution to acceptable goals of punishment and is nothing more than a purposeless and needless imposition of pain and suffering. He argues that the trial court failed to give adequate consideration to the mitigating circumstances that he had no prior felony convictions, that he was twenty-four years old at the time of the offense, that he confessed to the crime, and that he showed remorse. Lastly, citing jurisprudence concerning juvenile offenders, the defendant argues that this matter should be remanded to the trial court for resentencing with the possibility of parole.

Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm caused to society, it is so disproportionate as to shock one's sense of justice. **State v. Flowers**, 2016-0130 (La. App. 1st Cir. 9/19/16), 204 So.3d 271, 285, writ denied, 2016-1871 (La. 9/6/17), 224 So.3d 983.

3

Whoever commits the crime of first degree rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. La. R.S. 14:42(D)(1). The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

Courts are charged with applying statutorily-mandated punishment unless it is unconstitutional. **State v. Dorthey**, 623 So.2d 1276, 1278 (La. 1993). Indeed, it is incumbent on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional by "clearly and convincingly" showing that:

> [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

**State v. Johnson**, 97-1906 (La. 3/4/98), 709 So.2d 672, 676 (citation omitted); **Flowers**, 204 So.3d at 285-86 (quotations omitted).

At sentencing, the court found, "based upon the heinous offense that was described to the jury and the [c]ourt in this matter, that any lesser sentence would deprecate the seriousness of the offense and impose a great and extreme threat to the citizens of the State of Louisiana."

After the sentence was imposed, defense counsel moved for reconsideration of sentence, arguing that the sentence was unconstitutionally excessive because the defendant was twenty-four years old at the time of the offense, he had no prior felony convictions, he was the father of three children, and he was employed. The trial court denied the motion to reconsider sentence. The court recalled "in detail" the testimony presented at trial and noted it was not in a position to "second guess" the finding of the unanimous jury. The court stated, in imposing sentence, it had commented on the heinousness of the offense. The court did not find that the penalty was grossly disproportionate to the severity of the crime so as to shock the sense of justice. To the contrary, the court found that life imprisonment was clearly justifiable

4

based upon the shocking nature of the offense, "not only, to punish the defendant; but, also, to protect society." The court noted there was no excuse and no conceivable defense to "the actions which the [c]ourt heard testimony regarding in [the] matter." Additionally, the court found any recent jurisprudence from the United States Supreme Court regarding life sentences for juvenile offenders distinguishable because the defendant was twenty-four years old.

The defendant did not prove by clear and convincing evidence that he was exceptional such that the mandatory life sentence was not meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. See **Johnson**, 709 So.2d at 676; **Flowers**, 204 So.3d at 286. Accordingly, there was no reason for the trial court to deviate from the provisions of La. R.S. 14:42(D)(1) in sentencing him. The sentence imposed was not grossly disproportionate to the severity of the offense and, therefore, was not unconstitutionally excessive.

Additionally, the trial court correctly distinguished the cases cited by the defendant in support of sentencing with parole. In **Graham v. Florida**, 560 U.S. 48, 75, 130 S.Ct. 2011, 2030, 176 L.Ed.2d 825 (2010), the United States Supreme Court held that the Eighth Amendment prohibits life-without-parole sentences for *juvenile* nonhomicide offenders unless they are given some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. In **Miller v. Alabama**, 567 U.S. 460, 470, 132 S.Ct. 2455, 2464, 183 L.Ed.2d 407 (2012), the United States Supreme Court held that mandatory life-without-parole sentences for *juveniles* violate the Eighth Amendment.[2] As noted by the trial court, the defendant was not a juvenile at the time of the offense.

This assignment of error is without merit.

## CONCLUSION

_____

[2] See also La. Code Crim. art. 878.1 (hearing to determine parole eligibility for certain juvenile offenders).

For the above reasons, the defendant's conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**