# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 24-44

STATE OF LOUISIANA

VERSUS

SIDNEY BRADLEY ANDERSON

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 66821
HONORABLE VALLERIE C. GOTCH GARRIET, JUDGE

**********

## JONATHAN W. PERRY
## JUDGE

**********

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Gary J. Ortego, Judges.

**APPEAL DISMISSED. PLANTIFF-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**Donald Landry**
**Fifteenth Judicial District Attorney**
**P.O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**


**Michael Admirand**
**C/O Southern Center for Human Rights**
**60 Walton Street, NW**
**Atlanta, GA 30303**
**(404) 688-1202**
**COUNSEL FOR APPELLEE:**
    **Sidney Bradley Anderson**


**Margareta Maria Lahme**
**Attorney at Law**
**307 South Washington**
**Broussard, LA 70508**
**(337) 234-5162**
**COUNSEL FOR APPELLEE:**
    **Sidney Bradley Anderson**

**PERRY, Judge**.

Following a bench trial, Defendant-Appellee, Sidney Bradley Anderson, was found guilty of one count of second degree murder, in violation of La.R.S. 14:30.1, on May 31, 1995. On August 3, 1995, the trial court sentenced Defendant to the mandatory sentence of life at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, this court vacated Defendant's sentence and remanded the case for the trial court to rule on Defendant's motion for new trial. *State v. Anderson*, 95-1439 (La.App. 3 Cir. 5/8/96) (unpublished opinion).

On July 6, 1996, the trial court denied Defendant's motion for new trial and resentenced him to life imprisonment without benefits. In *State v. Anderson*, 96-1515 (La.App. 3 Cir. 4/2/97), 691 So.2d 336, this court reversed Defendant's conviction and sentence based on the sufficiency of the evidence. However, the supreme court reinstated Defendant's conviction and sentence and remanded the case to this court to review assignments of error not previously addressed. *State v. Anderson*, 97-1301 (La. 2/6/98), 707 So.2d 1223. On remand, this court affirmed Defendant's conviction and sentence. *State v. Anderson*, 96-1515 (La.App. 3 Cir. 4/29/98), 714 So.3d 766, *writ denied*, 98-1374 (La. 10/9/98), 726 So.2d 25.

On September 8, 2023, Defendant filed an application for post-conviction relief with the trial court. Defendant argued newly discovered evidence revealed that the victim's family now believes that Defendant did not actually shoot the victim and opposes his life sentence. Additionally, Defendant asserted claims regarding the sufficiency of the evidence, ineffective assistance of counsel, and the excessiveness of his sentence. The State did not file a response.

An evidentiary hearing was held on October 23, 2023, wherein the trial court took the matter under advisement after hearing arguments on behalf of the State and Defendant. On October 27, 2023, the trial court granted Defendant's application for

post-conviction relief. In its lengthy oral reasons, the trial court stated that it found several errors, including the presiding judge's failure to inform Defendant of the responsive verdicts for second degree murder, ineffective assistance of counsel, and the trial judge's failure to consider *State v. Dorthey*, 623 So.2d 1276 (La.1993). The trial court denied Defendant's motion for new trial but found it had "no choice but to consider the request of counsel that the Defendant is asking to consider the extraordinary circumstances and to rehear this matter." Therefore, the trial court vacated Defendant's second degree murder conviction and found him guilty of manslaughter. Though the State did not extend a plea offer to Defendant, the trial court allowed Defendant to plead guilty to one count of manslaughter. Thereafter, Defendant waived the sentencing delays, and the trial court sentenced him to twenty-five years at hard labor with credit for time served. The trial court also ordered Defendant's immediate release. The State orally objected and stated it intended to file a writ application. However, the trial court denied the State's oral notice of intent, and the following exchange occurred:

MR. EDWARDS:

Yes, Your Honor. The office of the District Attorney objects to the ruling and would like to file a notice of intent to seek writs to the Third Circuit and request - -

THE COURT:

I don't want you to seek writs because it's a final judgment. I think you have to appeal me. Your notice of appeal, you can file your notice of appeal. My judgment is final and you have to appeal me. So you may do so, but he's still going to be released. The Court recognizes your notice of appeal.

….

THE COURT:

Mr. Edwards, if you're going to file the writ, I'm going to deny your writ, but you can go ahead and seek your appeal because it is a final ruling.

2

Immediately after the hearing on October 27, 2023, the State filed its "Notice of Intent to Seek a Writ to the Third Circuit Court of Appeal and Request for a Stay," which was denied. On November 27, 2023, the State filed a notice of intent to appeal the trial court's October 27, 2023 granting of Defendant's application for post-conviction relief, which was granted.

The record was lodged with this court on January 29, 2024, and on February 2, 2024, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is a ruling on an application for post-conviction relief and is not an appealable judgment. La.Code Crim.P. art. 912. The State was given until March 23, 2024, to file a brief in response to the rule to show cause.

Though the State asked for an extension and was given until April 10, 2024 to file a response, the State did not file its response until April 18, 2024. In its response, the State concedes that a ruling on an application for post-conviction relief is not appealable. However, the State cites the trial court's denial of its intent to seek writs and the trial court's assertion that the judgment was final and appealable as justification for maintaining the appeal. In the alternative, the State asks that this court grant it the opportunity to file a writ application.

Pursuant to La.Code Crim.P. art. 912(B), the State may appeal from judgments or rulings including, but not limited to:

(1) A motion to quash an indictment or any count thereof;

(2) A plea of time limitation;

(3) A plea of double jeopardy;

(4) A motion in arrest of judgment;

(5) A motion to change the venue;

(6) A motion to recuse[.]

3

Louisiana Code of Criminal Procedure Article 930.6(B) states, "If a statute or ordinance is declared unconstitutional, the state may appeal to the supreme court. If relief is granted on any other ground, the state may invoke the supervisory jurisdiction of the court of appeal." Therefore, pursuant to La.Code Crim.P. arts. 912 and 930.6(B), review of the granting of Defendant's application of post-conviction relief is by application for writ of review to this court.

Accordingly, the appeal is dismissed. The State may file a supervisory writ application within thirty days of the date of this decision. The State is not required to file a notice of intent to seek writs nor must it obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4–3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. PLAINTIFF-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**