I,WILLIAMS, Judge.
The defendant, Johnny P. Gass, was charged by bill of information with attempted armed robbery, a violation of LSA-R.S. 14:64 and 14:27. After a jury trial, the defendant was found guilty as charged. Pursuant to the Habitual Offender Statute, LSA-R.S. 15:529.1, the defendant was adjudicated as a second felony offender. The trial court deviated from the statutorily mandated minimum sentence and sentenced the defendant to serve ten years at hard labor without benefit of parole, probation or suspension of sentence.
On application by the state requesting review of the defendant’s sentence as illegally lenient, this court reversed and remanded the case to the trial court for resentencing. The defendant was resen- *717 tenced to serve 24.76[1] years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals his sentence as constitutionally excessive. For the following reasons, we affirm.
FACTS
On August 8, 1997, the defendant, Johnny Gass, and his companion, Raymond Kunzman, went to a tank battery site where Gass’s ex-stepfather, Clifton Brian, worked. In a statement to the police, the defendant stated that he believed that Brian always carried a large amount of money and that he and Kunzman went to the site with the intention of taking Brian’s wallet. Brian was late for work that day and the two men became tired of waiting for him and left, only to return the next day.
Brian testified that he arrived to work on August 9, 1997, and as he began working, he heard a voice in the bushes yell, “Hey.” Brian testified that he yelled [2back, but he did not see anyone. As Brian continued to work, Gass approached him and began hitting him with what the defendant later admitted was a “slapjack.” Defendant described the weapon as a long piece of hard rubber folded over and tipped with a piece of brass. Brian fought back, hitting Gass on the head with an oil gauge. During the attack, the defendant’s mask fell off and Brian recognized him.
The defendant called for help and his companion, Raymond Kunzman, came out from the bushes and grabbed Brian by the back of his neck. Brian was wet and oily, and consequently, Kunzman could not maintain a grip. Kunzman stated that he hit Brian three or four times with his fist, however, he denied hitting Brian with the “slapjack.” According to Kunzman, when the defendant realized that Brian recognized him, the defendant began hitting Brian harder.
After their unsuccessful attempt to take Brian’s wallet, the assailants left the scene in defendant’s car. Both the defendant and Kunzman stated that they did not know Brian’s condition when they left.
Brian was transported to the hospital in Vivian, Louisiana and later transferred to Louisiana State University Medical Center (“LSUMC”) in Shreveport, Louisiana. Darwin Jones, an investigator with the Caddo Parish Sheriffs Office, contacted Brian at LSUMC. Jones testified that Brian had sustained several lacerations to his head, several large bruises with blood clots, several bruises to his stomach, a fracture of the fourth digit on his left hand and a cut on his left hand.
Brian testified that during the attack, the defendant and Kunzman tried to take his wallet. He stated that when he pushed his wallet back into his pocket, they jerked his hand, breaking his finger. Brian also stated that, at some point during the attack, he believed that Kunzman was trying to drown him.
The defendant and Kunzman were tried separately, and both were found | sguilty of attempted armed robbery by unanimous juries. They were subsequently adjudicated second felony offenders. The defendant’s previous felony conviction was unauthorized use of a movable. The trial court stated that the sentencing range for attempted armed robbery under the Habitual Offender Statute was 24.75 years to 99 years without benefit of parole, probation or suspension of sentence. The trial court then stated that the mandatory minimum sentence would be excessive and a downward deviation was appropriate. The trial court sentenced the defendant to serve ten years at hard labor, without benefit of *718 parole, probation or suspension of sentence.
The state’s motion to reconsider sentence was denied. The state filed a writ with this court requesting a review of defendant’s sentence as illegally lenient. We concluded that the reasons cited by the trial judge for leniency did not support a deviation from the prescribed sentencing range, but would support a sentence at the lower end of the range set by the Habitual Offender Statute. We vacated the defendant’s sentence and remanded the case to the trial court for resentencing. State v. Gass, 31,816 (La.App.2d Cir.1/20/99), 728 So.2d 896. The trial court sentenced the defendant to serve 24.75 years at hard labor without benefit of parole, probation or suspension of sentence. The defendant’s motion to reconsider sentence was denied. The defendant appeals.
DISCUSSION
The defendant contends that the trial court erred in imposing an excessive sentence. The defendant also contends that the minimum sentence mandated by statute is unconstitutional as applied to his situation.
It is a well-established principle that the determination and definition of acts which are punishable as crimes is purely a legislative function. It is the Legislature’s prerogative to determine the length of the sentences imposed for crimes classified as felonies. State v. Dorthey, 623 So.2d 1276 (La.1993). Acting pursuant to this authority, the Legislature passed the Habitual Offender Law. Our Supreme Court, on numerous occasions, has held this statute to be constitutional. See State v. Dorthey, supra; State v. Badon, 338 So.2d 665 (La.1976). Since the Habitual Offender Law in its entirety is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.
A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, supra. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality. State v. Johnson, supra.
To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, supra.
When determining whether the defendant has met his burden of proof by rebutting the presumption that the mandatory minimum sentence is constitutional, the trial judge must also keep in mind the goals of the Habitual Offender Law. Clearly, the major reasons the Legislature passed the Habitual Offender Law were to deter and punish recidivism. Under this statute, the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant [Bcrime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. Given the Legislature’s constitutional authority to enact statutes such as the Habitual Offender Law, it is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multi- *719 pie offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution. State v. Johnson, supra.
If a sentencing judge finds clear and convincing evidence which justifies a downward departure from the minimum sentence under the Habitual Offender Law, he is not free to sentence a defendant to whatever sentence he feels is appropriate under the circumstances. Instead, the judge must sentence the defendant to the longest sentence which is not constitutionally excessive. This requires a sentencing judge to articulate specific reasons why the sentence he imposes, instead of the statutory mandatory minimum, is the longest sentence which is not excessive under the Louisiana Constitution. State v. Johnson, supra. The appellate courts of this state have recognized that declaring a sentence under the Habitual Offender Statute unconstitutionally excessive should be a rare act, not a commonplace practice. State v. Ignot, 29,745 (La.App.2d Cir.8/24/97), 701 So.2d 1001; State v. Lacoste, 97-1113 (La.App. 4th Cir. 5/30/97), 695 So.2d 1121.
Prior to imposing sentence, the trial court noted that the twenty-three-year-old defendant was a high school dropout from an economically impaired family and that he had a prior felony conviction for a nonviolent offense. The trial court further noted that the defendant was quickly apprehended and gave a confession, which suggests contrition for his acts, but pleaded not guilty. The trial judge stated that the defendant and the victim, Clifton Brian, had a tumultuous relationship during the defendant’s childhood which caused the defendant to act under some ^degree of provocation when he committed the present offense. The trial court concluded that the defendant did not understand or contemplate that his conduct would cause or threaten the degree of harm which ultimately occurred to the victim.
The trial court also took into account that, while incarcerated, the defendant had been working to obtain his GED and had become involved in some religious activities. The trial court concluded that the defendant did not have a juvenile record.
As aggravating factors, the trial court recognized that the victim was considerably older than the defendant, was not in good health and received a savage beating when he tried to defend himself against the assailants. The trial court also noted that the act was premeditated.
In sentencing the defendant, the trial court set forth in great detail both aggravating and mitigating factors that would justify a sentence at the lower end of the range prescribed by the Habitual Offender Statute. However, the trial judge failed to articulate reasons to support a downward departure from the statutorily mandated minimum sentence. The defendant failed to show by clear and convincing evidence that he is an exceptional defendant who, because of unusual circumstances, is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case. Therefore, we find that the defendant’s sentence of 24.75 years at hard labor without benefit of parole, probation or suspension of sentence for attempted armed robbery is not constitutionally excessive. The defendant’s assignment of error lacks merit.

Error Patent

The record reflects that the trial court imposed the sentence of 24.76 years in error. Therefore, the trial court should be permitted to correct the defect.
 Ministerial sentencing corrections can be made by correcting the minutes. The correction must then be furnished to the defendant and the penal institution which has custody of the defendant. State v. Trudell, 95-527 (La.App. 3d *720 Cir.11/6/96), 684 So.2d 32, writ denied, 96-2891 (La.6/20/97), 695 So.2d 1349.
Accordingly, we direct the district court to correct the minutes of defendant’s sentencing proceeding to reflect the accurate sentence, to send a copy of the corrected minutes to defendant and the institution where he is incarcerated, and to file proof of defendant’s receipt thereof in the record of the proceedings.
DECREE
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The statutorily mandated minimum sentence is 24.75 years at hard labor without benefit of probation, parole, or suspension of sentence. It appears that the trial judge believed that the mandatory minimum sentence was 24.76 years. However, the trial court’s ruling on the defendant's motion to reconsider sentence clearly indicates that the intended sentence was 24.75 years.