| ¶ Judge MIRIAM G. WALTZER.

STATEMENT OF THE CASE

On 11 December 2001 the State filed a bill of information charging the defendant with possession with intent to distribute cocaine. On 17 December 2001 he apparently pleaded not guilty.[1] On 6 February 2002 trial was held, and the jury found the defendant guilty of distribution of cocaine. On 29 April 2002 after having reviewed a pre-sentence investigation report, the trial court sentenced the defendant to forty months at hard labor with the first two years to be served without benefit of probation, parole, or suspension of sentence. The sentence was to be served under the About Face Program at Orleans Parish Prison; the defendant was to obtain his GED and to undergo counseling for his substance abuse problem. The State then filed a multiple bill. The defendant admitted that he was the same person who had a prior conviction for possession of marijuana, second offense. The trial court vacated the prior sentence and sentenced the defendant as a second offender to ten years at hard labor with the first two years to be served without benefit of probation, parole, or suspension of sentence under State v. Dorthey, 623 So.2d 1276 (La.1993). The trial court denied the defendant’s motion to reconsider sentence. The defendant’s motion for an appeal was granted, and the return date is set for 9 July 2002.[2]
The State noted its objection to the sentence and its notice of appeal. However, according to the docket master, on 3 May 2002 the State filed a notice of intent.[3] If *443 that notice of intent related to a writ, the return date would properly have been set within thirty days; however, the State filed no writ application within that time frame. Instead on 4 June 2002 the State filed a motion to reconsider sentence,[4] which the trial court denied. The State then filed a notice of intent to file for writs from the denial of the motion to reconsider sentence and was granted until 7 June 2002 to file its application. The State filed its writ on 7 June 2002. It .supplemented the writ application on 12 June 2002 with the transcript of the 29 April 2002 hearing.

STATEMENT OF THE FACTS

The State summarized the facts and attached the police report in order to show that the defendant was arrested during a joint investigation of NOPD officers and FBI agents. FBI undercover agents made narcotics purchases from known dealers. A vehicle with videotape equipment was deployed and used to record the actual transactions. The investigation occurred during July through September |32001. The transaction between the defendant and an undercover FBI agent was observed by officers and videotaped.

ANALYSIS

The State argues that the trial court erred by failing to impose the statutory minimum sentence under La. R.S. 15:529.1 and La. R.S. 40:967, fifteen years at hard labor with the first two years to be served without benefit of probation, parole, or suspension of sentence.
The State correctly argues that the statutory minimum is fifteen years at hard labor with the first two years to be served without benefit of parole, probation,- or suspension of sentence. When questioning the defendant at the multiple bill hearing as to the rights he was giving up, the trial court acknowledged that the sentencing range for a second offender was fifteen to sixty years. The court at first noted that it had ordered a pre-sentence investigation report, and the defendant was a first felony offender with a prior conviction for misdemeanor possession of marijuana, first offense. The court went on to state that the probation department had not recommended probation this time because the defendant had not performed well when he was placed on probation for the prior offense. The court noted that the defendant had a substance abuse problem, which needed to be addressed during his incarceration. The court recommended that the defendant be placed in the About Face Program at Orleans Parish Prison. The court told the defendant to try to obtain his high school diploma and to |4get help with his drug abuse problem. The court sentenced the defendant to forty months at hard labor with the first two years of the sentence being served without benefit of parole, probation, or suspension of sentence.
The State then filed a multiple bill alleging that the defendant was a second offender with a prior conviction for possession of marijuana, second offense. The defendant admitted that he was the same person with the prior felony conviction. The court found the defendant to be a second offender and sentenced him to ten years at hard labor with the first two years of the sentence being without benefit of parole, probation, or suspension of sentence. The trial court then stated:
This sentence will be under the provisions of State v. Dorthey. The Court will deviate from the mandatory minimum sentence of 15 years. I would find the additional five-year sentence to be an excessive sentence in light of the defen *444 dant’s criminal conduct and also in light of the defendant’s criminal history. I did have the opportunity [sic] observing the tape in which the defendant did engage in a hand-to-hand transaction with an undercover police officer. There was an exchange of narcotics in exchange for money from the police officer. Again, his only prior criminal history is being convicted of possession of marijuana on two occasions.
In the pre-sentence report, he does indicate to having a substance abuse problem, a substance abuse problem he has suffered [sic] for some period of time.
There are no crimes of violence either for which he has been arrested or for which he has been convicted. I’ll take that back, excuse me. There is a— there is a battery arrest, there is a resistance of an officer arrest. Also in March 1998, there is an illegal firearms during a crime in April 1998, which charge was refused.
Again, I do not find what I consider to be any history of violent criminal activity with regard to this defendant and I do believe the extra five years that he would receive as a result of the multiple offender bill of information would violate would be a cruel and unusual punishment. I do find that it would not serve any purpose for extending the incarceration for that additional period of time, [sic] therefore, I will deviate from the mandatory minimum sentence and impose that which I did.
In State v. Lindsey, 99-3256 pp. 4-5 (La.10/17/00), 770 So.2d 339, 342-43, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001), the Louisiana Supreme Court summarized the current jurisprudence relating to the issue of sentencing below the statutory minimum of the multiple offender law. The court held that the habitual offender statute was constitutional, and that the mandatory minimum sentences contained therein should be enforced unless unconstitutionally excessive under Article I, Section 20 of the Louisiana Constitution. The standard set forth in the Dorthey case requires affir-mance of the statutory sentence unless it makes no measurable contribution to acceptable goals of punishment or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. A trial court may depart from the statutory minimum sentence only where there is clear and convincing evidence that would rebut the presumption of constitutionality, and such cases are rare. If a trial judge finds such evidence, he is not free to sentence to defendant to whatever sentence he feels is appropriate, but is bound to sentence him to the longest sentence that is not constitutionally excessive. See, Lindsey, pp. 4-5, 770 So.2d at 342-43.
In the instant case, defense counsel made no argument to the court for a Dor-they sentence. During the court’s questioning of the defendant relating to his rights, the defendant noted that he had only one prior felony conviction for possession of marijuana, second offense. The defendant did not prove by clear and convincing evidence that he was exceptional, that he was a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. He did not rebut the presumption of constitutionality of the sentence under La. R.S. 15:529.1 or carry his burden under State v. Johnson, 709 So.2d at 672.
The trial court said that a fifteen-year sentence was excessive in light of the defendant’s criminal history. The court noted that in the pre-sentence report the *445 defendant indicated that he had a substance abuse problem. The trial court attempted to say that the defendant had never been arrested for or convicted of a crime of violence. However, as the court reviewed the report, it noted that there had been arrests for battery, resisting an officer, and illegal use of firearms during a crime, but no convictions. The court then concluded that there was no history of what the court considered to be violent criminal activity, and the extra five years would be cruel and unusual punishment. Quite clearly, this trial judge questioned the wisdom of the legislature in requiring specific enhanced punishments for multiple offenders. The Supreme Court has declared such judicial rejection of legislative fiat to be inappropriate Lindsey. On the record before us, the trial judge court did not determine from clear and convincing evidence that the defendant had proven that the minimum sentence was so excessive in his case that it violated the Louisiana constitution. We cannot conclude that the reasons provided by the trial court justified a sentence below the statutory minimum as required by Dorthey and its progeny. In light of State v. Lindsey, 770 So.2d at 339, the trial court erred by sentencing the defendant below the statutorily mandated fifteen years at hard labor, the first two years to be served without benefit of probation, parole or suspension of sentence.
We grant the State’s writ, vacate the sentence imposed on 29 April 2002, and remand for re-sentencing in accordance with law.
McKAY, J., dissents.

. The 17 December 2001 docket master entry does not indicate that the defendant pleaded not guilty. However, counsel was appointed on that date, and a motions hearing was set. Apparently he entered a plea of not guilty on that date.

. Although this Court's records indicate that the return date is 15 July 2002, the 29 April 2002 transcript and the docket master entry indicate that the trial court set a return date of 9 July 2002.

. The State does not mention a 3 May 2002 notice of intent, indicate whether it related to an appeal or a writ, or provide this Court with a copy. The order with the notice of intent may well have indicated that the State’s writ relating to sentence was due within thirty days of that date, but the State failed to file its writ. Instead on 4 June 2002 (State does not provide date stamped copy, but the certificate is dated 4 June 2002 along with the order relating to (he notice of intent) it filed a motion to reconsider and a notice of intent to file for writs from the denial of that motion. It appears that the State may have filed the motion to reconsider on 4 June 2002 so that its writ application filed 7 June 2002 would be timely. Of course, a motion to correct illegal sentence may be filed and ruled upon at any time. Regardless, the State had also noted a notice of appeal.

. In its application the State claims that the trial court denied a motion to correct illegal sentence. In its motion to reconsider the State alleges that the sentence was illegal.