1MICHAEL E. KIRBY, Judge.
This appeal concerns a resentencing only.
Leon A. Ricks was charged with possession of cocaine with intent to distribute on December 11, 2001. He was found guilty of distribution of cocaine after a jury trial on February 6, 2002. On April 29, 2002, after having reviewed a pre-sentence investigation report, the trial court sentenced the defendant to forty months at hard labor with the first two years to be served without benefit of probation, parole, or suspension of sentence. The State filed a multiple bill charging the defendant as a second offender. Ricks admitted to his identity, and the trial court vacated the prior sentence and sentenced the defendant under La. R.S. 15:529.1 to serve ten years at hard labor, the first two years without benefit of probation, parole, or suspension of sentence under State v. Dor-they, 623 So.2d 1276 (La.1993). The State objected to the sentence because it was five years below the minimum mandated term. The trial court denied both the defendant’s and the State’s motions to reconsider sentence. The State filed a notice of intent to file an application for writs from the denial of its motion to reconsider the sentence. This Court granted the State’s writ application, vacated the sentence, and 12remanded the case for resen-tencing. State v. Ricks, 2002-1126 (La.App. 4 Cir. 7/10/02), 823 So.2d 441.
The facts as presented in the earlier appeal are as follows:
The State summarized the facts and attached the police report in order to show that the defendant was arrested during a joint investigation of NOPD officers and FBI agents. FBI undercover agents made narcotics purchases from known dealers. A vehicle with videotape equipment was deployed and used to record the actual transactions. The investigation occurred during July through September 2001. The transaction between the defendant and an undercover FBI agent was observed by officers and videotaped.
State v. Ricks, 2002-1126, pp. 2-3 (La.App. 4 Cir. 7/10/02), 823 So.2d 441, 443.
At the resentencing hearing on July 19, 2002, the defendant was resentenced to serve twenty years as a second offender; the first two years are to be served without benefit of parole, probation, or suspension of sentence.[1]
In a single assignment of error, the defendant, through counsel, now argues that the twenty-year sentence is excessive. Ricks faced a sentencing range of fifteen to sixty years at hard labor, and he received five years more than the minimum sentence.
An appellate court reviews sentences for constitutional excessiveness under La. Const. Art. I, § 20. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment or is the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677. Although a sentence is within the statutory limits, the sentence may still violate |3a defendant’s constitutional right against ex *62 cessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
At the resentencing hearing, the trial court stated:
We have to increase your sentence because of an Order from the Court of Appeal. I deviated from the mandatory minimum sentence by five years. I’m going to have to add those extra five years onto your sentence. Okay? .... I will again maintain my same position that the sentence is excessive. I think the sentence that I initially imposed does satisfy the crime ... you have committed and I also think it takes into account your criminal history. It should be noted that the prior felony conviction upon which they are relying to Multiple Bill this person is Possession of Marijuana Second Offense. He was found guilty of Distribution of Cocaine. .... Again, my initial thinking was that second offense Marijuana was not such a significant felony offense in that it merited the full range of the Multiple Bill brought here, and I therefore deviated to a lesser extent. The Fourth Circuit however says that I questioned the wisdom of the legislature in this Court. Of course I would never question the wisdom of the legislature. [Emphasis added].
Here the court told the defendant that five years would be added to his ten-year sentence so that the minimum term could be imposed. However, the defendant was then sentenced to twenty years rather than the minimum fifteen-year term. The court obviously misspoke when pronouncing the twenty-year sentence. The court’s reason for a lesser sentence that was offered at the first sentence hearing — that the underlying crime, second offense marijuana possession, is not significant — is reiterated. Clearly the court intended to impose the minimum term. In attempting to follow this court’s order, the court mistakenly increased the sentence by an extra five years to twenty years.
LAccordingly, because the sentence is not what the trial court specifically stated it would be, we vacate the sentence and remand the case for resentencing.
SENTENCE VACATED; REMANDED FOR RESENTENCING.

. Under La. R.S. 40:967(B)(4)(b), the first two years of the sentence are without benefits; however, under La. R.S. 15:529.1(G), the entire sentence is without benefit of probation or suspension of sentence.