STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 1138

STATE OF LOUISIANA

VERSUS

CHRISTOPHER BELL, JR.

*Judgment Rendered:* **MAY 3 1 2024**

********

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 1217-F-2019

The Honorable Vincent J. Lobello, Judge Presiding

********

J. Collin Sims
District Attorney
Butch Wilson
Assistant District Attorney
Covington, Louisiana

Counsel for Appellee
State of Louisiana

Gwendolyn K. Brown
Baton Rouge, Louisiana

Counsel for Defendant/Appellant
Christopher Bell, Jr.

********

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**LANIER, J.**

The defendant, Christopher Bell, Jr., was charged by bill of information with second degree battery, a violation of La. R.S. 14:34.1. He pled not guilty, and, following a jury trial, was found guilty as charged. He filed a combined motion for new trial and post-verdict judgment of acquittal, which the trial court denied. The trial court sentenced the defendant to eight years imprisonment at hard labor and denied his subsequent motion to reconsider sentence.

The State filed a habitual offender bill of information seeking to enhance the sentence, and the defendant denied the allegations therein. The trial court subsequently adjudicated the defendant a fourth-felony habitual offender, vacated the original sentence, and resentenced him to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant filed another motion to reconsider sentence, which the trial court denied.

The defendant now appeals, assigning error to the constitutionality of the enhanced sentence and the denial of his subsequent motion to reconsider sentence. We affirm the conviction, habitual offender adjudication, and sentence.

## STATEMENT OF FACTS

On or about May 27, 2019, after midnight, Corporal Ryan Robin, the intake supervisor at the St. Tammany Parish Sheriff's Office, was advised that an altercation took place in a holding cell. Surveillance footage showed the defendant, who had been arrested the previous night, repeatedly strike Benjamin Lacombe, another arrestee placed in the same holding cell. Lacombe was lying on the cell floor, resting at the time of attack. As a result of the attack, Lacombe suffered a broken jaw, lost three of his teeth, and underwent multiple procedures and surgeries for facial injuries.

## EXCESSIVE SENTENCE

In assignment of error number one, the defendant argues that the trial court erred in imposing an excessive sentence. He contends the trial court failed to

2

consider mitigating factors or articulate sentencing factors in denying his request to deviate from the statutory mandatory minimum sentence. In assignment of error number two, he argues the trial court erred in denying his motion to reconsider sentence.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. A sentence is considered unconstitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. **State v. Anderson,** 2022-0587 (La. App. 1 Cir. 12/22/22), 357 So.3d 845, 852, writ denied, 2023-00352 (La. 9/6/23), 369 So.3d 1267.

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing a sentence. While the entire checklist of Article 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. The sentencing judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. **Anderson,** 357 So.3d at 852. Further, the failure to articulate reasons as set forth in Article 894.1 when imposing a mandatory life sentence is not an error since articulating such reasons or factors

3

would be an exercise in futility as the court has no discretion. **State v. Dickerson**, 2016-1336 (La. App. 1 Cir. 4/12/17), 218 So.3d 633, 642, writ denied, 2017-1147 (La. 8/31/18), 251 So.3d 1062.

The defendant's fourth-felony habitual offender status is based on the following convictions: three counts of aggravated battery in 2005; illegal possession of stolen things and possession of cocaine in 2013; and aggravated battery and aggravated criminal damage to property in 2014. As the instant offense, second degree battery, and the defendant's prior convictions of aggravated battery in 2005 and 2014 are defined as crimes of violence under La. R.S. 14:2(B), the defendant's life sentence under the habitual offender bill of information was statutorily mandated. See La. R.S. 15:529.1(A)(4)(c). However, the defendant argues on appeal that the trial court failed to consider or mention his employment background, educational background, or family history when imposing the sentence and that the conduct being punished is insufficiently egregious to justify the sentence imposed.

In **State v. Dorthey**, 623 So.2d 1276, 1280-1281 (La. 1993), the Louisiana Supreme Court opined that if a trial judge were to find that the punishment mandated by La. R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," he has the option, and indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. In **State v. Johnson**, 97-1906 (La. 3/4/98), 709 So.2d 672, 676-677, the Louisiana Supreme Court reexamined the issue of when **Dorthey** permits a downward departure from the mandatory minimum sentences in the Habitual Offender Law. A sentencing court must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may only depart from the

4

minimum sentence if it finds clear and convincing evidence rebutting this presumption of constitutionality. **Johnson**, 709 So.2d at 676.

To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means, because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Given the legislature's constitutional authority to enact statutes such as the Habitual Offender Law, it is not the sentencing court's role to question the legislature's wisdom in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates the constitution. Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations. **Johnson**, 709 So.2d at 676-677.

In asking the trial court to consider deviating below the minimum sentence allowed under the law, defense counsel noted that the defendant's first crime of violence occurred almost two decades before the sentencing, with another one occurring roughly ten years after that. Defense counsel further stated that the victims involved "were not model citizens." In response, the State noted that the defendant had been under supervision for violent crimes throughout his adulthood and continued to commit crimes of violence while in jail.

In imposing the mandatory life sentence, the trial court found there was no evidence to compel a downward deviation. In subsequently denying the defendant's motion to reconsider sentence, the trial court reiterated the facts of the instant offense, noting that it could not be considered a typical jailhouse fight, as the defendant essentially jumped a sleeping inmate. Given the defendant's history

5

of criminal conduct and the severity of the offense, the trial court concluded that the mandatory life sentence is appropriate in this case. Likewise, we find nothing unusual or unique about the defendant's circumstances that would justify a downward departure from the mandatory life sentence.

As noted by the trial court, Lacombe was lying on the floor in a vulnerable, sleeping position at the time of the attack. According to expert medical testimony at trial, "a right mandible fracture of the jaw," inflicted upon Lacombe by the defendant during the attack, takes a considerable amount of force, due to the mandible being "the toughest bone in the face." Further, Lacombe's CAT scan showed "obvious increased intercranial pressure." As a result of the mandible fracture, Lacombe had a condition called "Trismus[,]" the inability to fully open his mouth, and a temporary wiring apparatus was inserted prior to two separate surgeries.

We find that the defendant has not proven by clear and convincing evidence that he is exceptional such that the minimum sentence under the Habitual Offender Law was not meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Accordingly, no downward departure from the presumptively constitutional mandatory minimum sentence is warranted in this case. See **Anderson**, 357 So.3d at 853-854. Thus, we find the sentence imposed is not grossly disproportionate to the severity of the offense, and therefore, is not unconstitutionally excessive.

The record before us establishes an adequate factual basis for the sentence imposed. We find no error in the trial court's denial of the defendant's motion to reconsider sentence. The assignments of error are without merit.

For the foregoing reasons, we affirm the defendant's conviction, habitual offender's adjudication, and sentence.[1]

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.**

---

[1] Under La. Code Crim P. art. 920(2), all appeals are reviewed for errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. In our review, we have found no reversible errors. However, the record reflects the trial court failed to advise the defendant of the prescriptive period for applying for post-conviction relief under La. Code Crim. P. art. 930.8(C). Nonetheless, the trial court's failure to advise the defendant of the limitation period has no bearing on the sentence. **State v. LeBoeuf**, 2006-0153 (La. App. 1 Cir. 9/15/06), 943 So.2d 1134, 1142-1143, writ denied, 2006-2621 (La. 8/15/07), 961 So.2d 1158. Out of an abundance of caution, we note for the record and advise the defendant that Article 930.8 generally provides that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. Code Crim. P. arts. 914 or 922. *Id.* at 1143.